IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| EL PASO DISPOSAL, LP, WASTE CONNECTIONS OF TEXAS, LLC, and WASTE CONNECTIONS LONE STAR, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ECUBE LABS CO. d/b/a HAULLA SERVICES, <br><br> Defendant. | Cause No. EP-24-CV-00097 |

## REPORT OF PARTIES' PLANNING MEETING

Date Complaint Filed: **March 27, 2024 [ECF No. 1]**

Date Complaint Served: **March 28, 2024 [ECF No. 6]**

Date of Defendant's Appearance: **May 10, 2024 [ECF No. 11]**

Pursuant to Federal Rules of Civil Procedure 16(b), 26(f), and Local Rule CV-16, a conference was held on June 19, 2024. The participants were:

- Valerie R. Auger, Daniel J. Buzzetta, and Aidan Slavin for Plaintiffs El Paso Disposal, LP, Waste Connections of Texas, LLC and Waste Connections Lone Star, Inc; and

- Casey Minnes Carter, Brandon Stendara, and J. Blake Glatstein for Defendant Ecube Labs Co. d/b/a Haulla Services ("*Haulla*").

## I. Certification

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II.      Jurisdiction

### A.      Subject Matter Jurisdiction

<u>Plaintiffs' Position</u>: This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action presents federal questions under the Defend Trade Secrets Act of 2016 (18 U.S.C. § 1836 *et seq.*), the Computer Fraud and Abuse Act of 1986 (18 U.S.C. § 1030), and the Electronic Communications Privacy Act/Stored Communications Act (18 U.S.C. §§ 2701 *et seq.*). Under 28 U.S.C. § 1367, this Court also has supplemental jurisdiction over the Texas state law claims because the state law claims are so related to the federal question claims that they form part of the same case and controversy.

<u>Haulla's Position</u>: Haulla has not raised issues of subject-matter jurisdiction in any pending motion, but it does not concede or waive any rights to contest subject-matter jurisdiction as it continues to investigate Plaintiffs' allegations and discovery proceeds. *See United States v. Moreno-Mendoza*, 386 F. Supp. 3d 765, 773 (W.D. Tex. 2019) ("As the Supreme Court has explained, 'subject-matter jurisdiction properly comprehended refers to a tribunal's power to hear a case, a matter that can never be forfeited or waived.'" (cleaned up and citation omitted)).

### B.      Personal Jurisdiction

Plaintiffs contend this Court has personal jurisdiction over Defendant under Texas's long-arm statute (Texas Civil Practice & Remedies Code section 17.042(2)) because non-resident Haulla is registered and conducts regular business in Texas and Haulla has intentionally availed itself of the Texas market and the laws of Texas. Haulla does not object to personal jurisdiction, and therefore it is not contested at this time.

## III.     Brief Description of Case

<u>Plaintiffs' Position</u>: Plaintiffs claim that Defendant tortiously interfered with Plaintiffs' business through misrepresentations, fraud and unauthorized access to Plaintiffs' web-based customer portal for the purpose of illegally obtaining Plaintiffs' confidential and trade secret information from the portal, and exploiting that information to solicit Waste Connections' customers and damage its business.

<u>Haulla's Position</u>: Haulla contends Plaintiffs fail to state a claim for relief as a matter of law as outlined in its pending Motion to Dismiss for Failure to State a Claim for Relief (ECF No. 11). Haulla therefore reserves its right to answer Plaintiffs' allegations if the Court disagrees with Defendant's position.

### A.      Claims of Plaintiff(s)

- Count 1: Violation of the Defend Trade Secrets Act of 2016 (18 U.S.C. § 1836, *et seq.*)

- Count 2: Violation of Texas Uniform Trade Secrets Act

- Count 3: Violation of the Computer Fraud and Abuse Act (18 U.S.C. § 1030 *et seq.*)

- Count 4: Violation of Electronic Communications Privacy Act / Stored Communications Act (18 U.S.C. § 2701, *et seq.*)

- Count 5: Violation of Texas Harmful Access by Computer Act

- Count 6: Tortious Interference with Contract

- Count 7: Fraud

- Application for Permanent Injunction

- Attorneys' Fees and Costs under Tex. Civ. Prac. & Rem. Code §§ 143.001, 143.002, & 134A.005(3); 18 U.S.C. § 2702(c); Fed. R. Civ. P. 54; and 28 U.S.C. § 1920.

B. **Defenses and Claims (Counterclaims, Third Party Claims, Cross Claims) of Defendant(s)**

Haulla contends Plaintiffs' Complaint fails to state a claim for relief as a matter of law. Haulla reserves its right to answer Plaintiffs' allegations and assert defenses, counterclaims, third-party claims, and cross claims if the Court denies Haulla's Motion to Dismiss.

C. **Defenses and Claims of Third-Party Defendant(s)**

As of the filing of this Report of Parties' Planning Meeting, no third-party defendants exist.

IV. **Statement of Undisputed Facts**

Counsel for both parties certify that they have made a good faith attempt to determine whether there are any material facts not in dispute. The parties state that the following material facts are undisputed:

- The parties provide waste collection, recycling, and disposal services to thousands of customers; and

- Plaintiffs and Defendant sell competitive services.

As discovery proceeds, the parties will continue their good-faith attempts to agree to undisputed facts to narrow the scope of the facts in dispute.

V. Case Management Plan

A. Standing Order on Pretrial Deadlines

The parties request modification of the deadlines in the Standing Order on Pretrial Deadlines as follows:

-3-

- Plaintiff's position: Plaintiffs request an extension of deadline for motions relating to joinder of parties, claims or remedies, and amendment of the pleadings until six months after the commencement of discovery. Plaintiffs anticipate that discovery will reveal participation in the fraudulent scheme alleged in the Complaint by third-party bad actors. Plaintiffs also anticipate that discovery will be protracted, particularly with respect to discovery sought from international actors. Therefore, Plaintiffs request an extension to afford additional time to add responsible parties to this lawsuit. Likewise, Plaintiffs request an extension of the discovery completion deadline to nine (9) months from the date of the Rule 26(f) Conference (June 19, 2024). As noted, Plaintiffs anticipate that discovery will be protracted, particularly with respect to discovery sought from international actors, and Plaintiffs anticipate they could face additional harm if this case is not moved along expeditiously. This period of discovery also anticipates good-faith cooperation in the discovery process by Haulla.

- Haulla's position: Haulla requests an extension of the discovery completion deadline from 6 months to 12 months from the date of the Rule 26(f) Conference. As noted above, Plaintiffs anticipate that discovery will be protracted, particularly with respect to discovery sought from currently-unknown international actors. Moreover, Plaintiffs have requested 25 fact-witness depositions—15 (or 2.5x) more than Federal Rule of Civil Procedure Rule 30(a)(2)(A)(i) would allow in the standard 6-month discovery period. And based on Plaintiffs' current causes of action, the Parties are likely to employ many expert witnesses, leading to further protracted expert discovery. Within the proposed discovery time, Haulla's counsel also have 12 trials scheduled, some of which may span multiple weeks, as well as obligations on other matters. Accordingly, Haulla respectfully proposes a 12-month discovery period is the minimum, realistic amount of time necessary for the parties to schedule and conduct discovery.

As the parties request different (but both extended) timeframes for discovery, the discovery deadline dates herein propose two different dates—one based upon Plaintiffs' proposed 9-month discovery schedule, and one based on Haulla's requested 12-month discovery period.

**B.  Scheduling Conference with the Court**

The parties request a pretrial conference with the Court before entry of a scheduling order pursuant to Federal Rule of Civil Procedure 16(b). The parties prefer a conference by Zoom.

**C.  Early Settlement Conference**

The Parties have conferred about settling the case. Settlement is unlikely at this time.

Plaintiffs have not indicated they want to settle this case at this time.

Haulla's position is, before any settlement offer, a ruling on Haulla's pending Motion to Dismiss and certain initial fact discovery would be necessary.

    **D.**    **Joinder of Parties and Amendment of Pleadings**

The parties agree Plaintiffs may file motions for leave to file amended pleadings and join additional parties on or before **December 31, 2024**. The parties further agree Haulla shall file its responsive pleading or answer to such any such amended complaint by the earlier of 1) **30 days after** Plaintiffs' motion for leave to amend; or 2) **January 31, 2025**.

    **E.**    **Discovery**

1. The Parties anticipate, individually or together, that discovery may involve information relating to *inter alia* the following subjects and disputed issues: (1) Plaintiffs' current and former customers; (2) communications between Haulla and Plaintiffs' current and former customers; (3) the activities of alleged agents in the Philippines; (4) Haulla's relevant marketing and training materials, policies, procedures, and business plans; (5) Haulla's communications/documents with and concerning Plaintiffs; (6) Plaintiffs' communications/documents with and concerning Haulla; (7) the parties' corporate structure and ownership; (8) forensic investigation concerning access to Plaintiffs' portal as alleged by Plaintiffs; (9) third-party discovery of waste collection companies who transact business with Plaintiffs and Haulla; (10) Plaintiffs or Haulla's communications with third-party telecommunications providers in the Philippines; and (11) third party discovery of telecommunications providers in the Philippines.

    Based on what discovery may reveal, Plaintiffs anticipate discovery could also involve taking corporate discovery pertaining to Haulla's corporate structure and operations in South Korea.

2. All discovery, including depositions of expert witnesses pursuant to Federal Rule of Civil Procedure 26(b)(4), will be commenced **upon completion of the Rule 26(f) conference held on June 19, 2024**.

    Plaintiffs propose the completion (i.e., not propounded and with all discovery responses received) of fact discovery by March 30, 2025, and expert discovery by **March 30, 2025**.

    Haulla proposes the completion (i.e., not propounded and with all discovery responses received) of fact discovery by **June 20, 2025** and all expert discovery by **July 31, 2025**.

3. Discovery will be conducted in phases.

4. Plaintiffs will require a total of **25** depositions of fact witnesses. Haulla currently anticipates only a total of **15** depositions of fact witnesses. For the avoidance of doubt, Haulla does not agree to, nor does it waive objection to, the amount of depositions Plaintiffs request herein.

    Plaintiffs propose depositions will commence by **September 1, 2024**, and be completed by **March 31, 2025**.

Haulla proposes depositions will commence by **January 6, 2025**, and be completed by **June 30, 2025**.

5. Plaintiffs will request permission to serve more than 25 interrogatories. Should it be necessary, Haulla will request permission to serve more than 25 interrogatories.

6. The Parties intend to call expert witnesses at trial. Plaintiffs propose the following designation deadlines:

- Designation of Plaintiffs' trial experts and service of initial reports from retained experts pursuant to Federal Rule of Civil Procedure 26(a)(2) by **December 31, 2024**.

- Designation of Haulla's trial experts and service of their initial reports from retained experts pursuant to Federal Rule of Civil Procedure 26(a)(2) by **January 31, 2025**.

- Designation of rebuttal expert reports (if any) will be due by **February 28, 2025**.

- Depositions of all expert witnesses will completed by **March 31, 2025**.

Given the extent of anticipated fact and expert discovery, Haulla proposes the following designation and deposition schedule:

- Designation of Plaintiffs' trial experts and service of initial reports from retained experts pursuant to Federal Rule of Civil Procedure 26(a)(2) by **January 31, 2025**;

- Designation of Haulla's trial experts and service of their initial reports from retained experts pursuant to Federal Rule of Civil Procedure 26(a)(2) by **March 3, 2025**;

- Designation by either party of any rebuttal experts and the service of any such expert's report (if any) by **May 4, 2025**; and

- Depositions of all expert witnesses completed by **June 30, 2025**.

7. Plaintiffs propose a damages analysis deadline provided by any party who has a claim or counter-claim for damages by **January 31, 2025**.

Haulla proposes a damages deadline by any party who has a claim or counterclaim for damages by **April 25, 2025**.

F. **Dispositive Motions**

Plaintiffs propose a dispositive motions deadline of on or before **April 30, 2025**.

Haulla proposes a dispositive motions deadline of on or before **July 31, 2025**.

VI.     **Trial Readiness**

As the parties propose different schedules for discovery, they also propose two separate trial settings for this Court's consideration:

- Plaintiffs propose this case will be ready for trial on **June 30, 2025**; and

- Haulla proposes this matter case will be ready for trial by **October 31, 2025**.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy, and efficient determination of this action.

Dated: June 24, 2024

**KEMP SMITH LLP**

By: /s/ *Ken Slavin*
    Ken Slavin
    State Bar No. 18496100
    ken.slavin@kempsmith.com
    Valerie R. Auger
    State Bar No. 24076251
    valerie.auger@kepmsmith.com
    221 North Kansas, Suite 1700
    El Paso, Texas 79901
    Telephone: (915) 533-4424
    Facsimile: (915) 546-5360

**BAKER & HOSTETLER LLP**
    Daniel J. Buzzetta*
    dbuzzetta@bakerlaw.com
    45 Rockefeller Plaza
    New York, New York 10111
    Phone: (212) 589-4200
    **Pro hac vice application filed*

    John P. Hutchins[+]
    jhutchins@bakerlaw.com
    1170 Peachtree Street
    Atlanta, Georgia 30309
    Phone: (404) 459-0040
    [+]*Pro hac vice application forthcoming*

Dated: June 24, 2024

**MUNSCH HARDT KOPF & HARR, P.C.**

By: /s/ *J. Blake Glatstein*
    Winston Huff
    Texas Bar No. 24068745
    J. Blake Glatstein
    Texas Bar No. 241232295
    bglatstein@munsch.com
    500 North Akard Street, Suite 4000
    Dallas, Texas 75201
    Telephone: (214) 855-7500
    Facsimile: (214) 855-7584

    Casey Minnes Carter
    Texas Bar No. 24098116
    ccarter@munsch.com
    700 Milam Street, Suite 800
    Houston, Texas 77002
    Telephone: (713) 222-1470
    Facsimile: (713) 222-5850

**ATTORNEYS FOR DEFENDANT ECUBE LABS CO. D/B/A HAULLA SERVICES**

Alexandra L. Trujillo
Texas Bar No. 24110452
atrujillo@bakerlaw.com
Aidan K. Slavin
Texas Bar No. 24121129
aslavin@bakerlaw.com
811 Main Street, Suite 1100
Houston, Texas 77002
Phone: (713) 751-1600

**ATTORNEYS FOR PLAINTIFFS EL PASO DISPOSAL, LP, WASTE CONNECTIONS OF TEXAS, LLC, AND WASTE CONNECTIONS LONE STAR, INC.**

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and the Local Rules, I certify on June 24, 2024, a true and correct copy of the foregoing document was served upon all counsel of record via the Court's CM/ECF filing system.

/s/ Ken Slavin
KEN SLAVIN