UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| EL PASO DISPOSAL, LP, WASTE CONNECTIONS OF TEXAS, LLC, *and* WASTE CONNECTIONS LONE STAR, INC., | § § § § § | |
| *Plaintiffs*, | § § | EP-24-CV-00097-KC |
| v. | § § | |
| ECUBE LABS CO. d/b/a HAULLA SERVICES, | § § § § | |
| *Defendant*. | § | |

**MEMORANDUM ORDER**
**DENYING MOTION TO QUASH**

Presently before the Court is Defendant Ecube Labs Co. d/b/a/ Haulla Services' (Haulla) "Motion to Quash, Modify, or for Protection from Plaintiffs' Subpoenas to Non-Parties" (ECF No. 23). The Honorable District Judge Kathleen Cardone (Referring Court) referred the motion to the undersigned Magistrate Judge. For the reasons that follow, Haulla's motion is DENIED.[1]

I. BACKGROUND

Plaintiffs El Paso Disposal, LP; Waste Connections of Texas, LLC; and Waste Connections Lone Star, Inc. (collectively, Waste Connections) are related companies;[2] they

---

[1] This motion, being a discovery motion, is a nondispositive matter, and therefore, this Court, as a magistrate court, has the authority to determine and decide the motion in an order. *See* 28 U.S.C. § 636(b)(1)(A) (A district "judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court," except certain listed motions not relevant here.); Fed. R. Civ. P. 72(a) ("When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must . . . , when appropriate, issue a written order stating the decision."); *Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1016–18 (5th Cir. Unit A 1981) ("[D]iscovery issues are by definition pretrial matters," and a magistrate judge has "the authority under 28 U.S.C. § 636(b)(1)(A) to enter non-dispositive discovery orders.").

[2] Pls.' Disclosure Statement, ECF No. 7.

provide waste collection (or hauling), recycling, and disposal services to their customers.[3] According to Waste Connections, Haulla is a "waste broker" in that it acts as a middleman between a customer and its designated waste haulers, *i.e.*, waste collection companies.[4]

On March 27, 2024, Waste Connections brought this lawsuit against Haulla.  Waste Connections alleges that Haulla, through a network of foreign and domestic agents, illegally accessed Waste Connections' web-based customer portal, by creating fake profiles and impersonating its customers, and obtained Waste Connections' confidential customer information, such as "pricing data, frequency of service, invoice numbers, customer names, and contact information."[5] Using the so-obtained information, Waste Connections avers, Haulla contacted Waste Connections' customers, offered them prices below what they were paying for waste collection to Waste Connections, and induced them to breach their contracts with Waste Connections and sign contracts with Haulla instead.[6]  West Connections asserts federal and Texas state law claims for fraud, tortious interference with contract, hacking its computers and customer portal, obtaining, without authorization or consent, its customer information, and misappropriation of its trade secrets.

On or about June 24, 2024, pursuant to Federal Rule of Civil Procedure 45, Waste Connections served subpoenas duces tecum on three non-parties.[7]  On July 8, 2024, Haulla filed

---

[3] Compl. at ¶¶ 10, 12, ECF No. 1.

[4] *Id.* at ¶ 12.

[5] *Id*. at ¶¶ 1, 16, 36–38, 47.

[6] *Id.* at ¶¶ 14, 20, 40.

[7] *See* Subpoenas, ECF Nos. 20, 20-1, 20-2.

the instant motion to quash,[8] and the parties' briefing on the motion was completed by July 22, 2024.[9]  On August 1, 2024, the Referring Court referred the motion to the undersigned judge.

## II.  DISCUSSION

Haulla brings the instant motion pursuant to Federal Rules of Civil Procedure 26 and 45. Under Rule 45(d)(3), on a timely motion, the court for the district where compliance is required "must quash or modify a subpoena" that requires "disclosure of privileged or other protected matter" or "subjects a person to undue burden."  Fed. R. Civ. P. 45(d)(3)(A)(iii)–(iv).  Rule 26(c) provides, in relevant part, that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending," and "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c)(1).

At issue are three identical subpoenas that West Connections served on Rio Grande Waste Services, Inc. (Rio Grande); Frontier Access, LLC (Frontier); and Texas Pride Disposal Solutions, LLC, and Texas Pride Disposal Solutions Management, LLC (collectively, Texas Pride) (collectively, Rio Grande, Frontier and Texas Pride as Non-Parties).  According to Waste Connections, the Non-Parties are waste haulers, and Haulla steered customers away from Waste Connections to them.  Pls.' Resp. at 1.  Each subpoena seeks four categories of documents: (1) all agreements or contracts with Haulla (Request No. 1); (2) all communications or documents exchanged with Haulla relating to Waste Connections (Request No. 2); (3) all agreements or contracts with all former Waste Connections customers with whom the Nonparty has or had a

---

[8] Def's Mot. to Quash, Modify, or for Protection from Pls.' Subpoenas to Non-Parties at 1 [hereinafter, Def.'s Mot. to Quash], ECF No. 23.

[9] *See* Pls.' Resp. in Opp'n to Def.'s Mot. to Quash [hereinafter, Pls.' Resp.], ECF No. 24; Def.'s Reply in Supp. of its Mot. to Quash [hereinafter, Def.'s Reply], ECF No. 26.

contract (Request No. 3); and (4) all communications or documents exchanged with all former Waste Connections customers that have or had a contract or agreement with the Nonparty (Request No. 4). *Id.*; Def.'s Mot. to Quash at 1.

Haulla advances the following grounds for quashing or modifying the subpoenas. First, Request Nos. 1 and 2 seek Haulla's confidential or protected matter. Def.'s Mot. to Quash at 4. Second, all four requests seek information irrelevant to the case; they are facially broad because they are not limited to time period, geographic region, or any specific customer; and they impose an impossible burden on the Non-Parties. *Id.* at 6–8. Third, the requests seek documents that, if they exist, Haulla would have in its possession, custody, or control, obviating the need for Waste Connections to seek them from the Non-Parties. *Id.* at 6–7.

As to the first ground, Waste Connections responds that Haulla fails to identify, nor does its declarant identify, any trade secret or other confidential information that Request Nos. 1 and 2 seek. Pls.' Resp. at 5–6. Moreover, Waste Connection points out that, the parties are working toward an agreed confidentiality protective order and contends that the order, when executed, would render this objection moot. *Id.* at 6. Waste Connections further argues that Haulla lacks standing to challenge the subpoenas on the second ground. *Id.* at 2–4. Haulla's third ground, Waste Connections contends, is irrelevant. *Id.* at 4.

"Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought." 9A C. Wright & A. Miller, Federal Practice and Procedure § 2459 (3d ed. June 2024 update) [hereinafter Wright & Miller] (discussing Rule 45).[10] Likewise,

---

[10] *See also* 9A Wright & Miller § 2463.1 ("Numerous cases have held that a party lacks standing to challenge a subpoena absent a showing that the objecting party has a personal right or privilege regarding the subject matter of the subpoena." (collecting cases including *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979))).

under Rule 26(c), a party may seek a protection order "if it believes its own interest is jeopardized by discovery sought from a third person," but it "may not ask for an order to protect the rights of another party or a witness if that party or witness does not claim protection for himself." 8A Wright & Miller § 2035.

Here, the Non-Parties to whom the subpoenas are directed did not join in Haulla's motion.[11] Haulla claims, though without particularized substantiation, that the requested documents contain its trade secret or other confidential information.[12] Haulla therefore has an interest in the documents requested in the subpoenas, and so, Haulla likely has standing to contest the subpoenas on the trade secret and confidentiality grounds. *See* Fed. R. Civ. P. 45(d)(3)(A)(iii) (providing for an order to quash or modify a subpoena that "requires disclosure of privileged or other protected matter"); *id.* 26(c)(1)(G) (providing for an order to protect a party by "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way").

To that end, as Waste Connections explains, at the time Haulla filed this motion, the parties were working on an agreed protective order. After Haulla filed this motion, the parties filed a joint motion requesting the Court to resolve their disagreement on some of the provisions in the order. Joint Mot. at 1, ECF No. 28. And today, in a separate order, the Court has ruled on the joint motion; the Court-approved protective order would limit access to "Counsel or

---

[11] Waste Connections represents that on July 11, 2024, Rio Grande served its objections to the subpoena that Waste Connections served on Rio Grande, and Waste Connections intends to confer with counsel for Rio Grande in good faith. Pls.' Resp. at 1 n.1.

[12] *See* Noh Decl. at ¶ 4 (stating "Subpoenas seek documents and communications containing Haulla's sensitive, nonpublic business information, including Haulla's costs to service its customers, the size of Haulla's customer accounts, Haulla's customer service schedules, and other private information related to Haulla's customers, costs, and pricing"), ECF No. 23-2.

Attorneys' Eyes Only" information to outside counsel, experts, and up to two in-house counsel, who serve predominantly in a legal and not business capacity for a party. *See* Mem. Op. & Order Regarding Agreed Protective Order at 11–12, ECF No. 31. The Court-approved protective order would provide the same level of protection to both parties as to the same kind of information that Haulla's declarant mentions in his declaration.[13]

Accordingly, absent a particularized showing that the requested documents contain such confidential information as to require greater protection—Haulla's challenge to the subpoenas on the trade secret and confidentiality grounds is moot. *See In re The City of New York*, 607 F.3d 923, 935–36 (2d Cir. 2010) ("The disclosure of confidential information on an 'attorneys' eyes only' basis is a routine feature of civil litigation involving trade secrets. The purpose of this form of limited disclosure is to prevent a *party* from viewing the sensitive information while nevertheless allowing the party's *lawyers* to litigate on the basis of that information." (internal citations omitted)); *id.* at 936–37 (holding that allowing the disclosure of confidential reports created by undercover NYPD officers on an "attorneys' eyes only" basis would provide insufficient protection for the confidential law enforcement information at issue because of the harm that the city, and thus the public, would suffer from the disclosure).[14]

The remaining grounds on which Haulla challenges the subpoenas reduce to an argument of the form that the subpoenas subject the Non-Parties to some prejudice or harm, such as undue burden. If so, the subpoenas jeopardize the Non-Parties' own interests, and they would have standing to challenge the subpoenas or the document requests therein, but, as mentioned, the

---

[13] *See* Noh Decl. at ¶ 4, *supra*.

[14] *See also R.C. Olmstead, Inc., v. CU Interface, LLC*, 606 F.3d 262, 269–70 (6th Cir. 2010) (observing approvingly that the lower court balanced the competing interests of the parties who are competitors and limited the review of the defendant's software to the plaintiff's "expert and counsel").

Non-Parties did not join in Haulla's motion. Haulla lacks standing to challenge the subpoenas based on any prejudice or harm to the Non-Parties. *See Finley v. Pulcrano*, No. C 08-0248 PVT, 2008 WL 4500862, at *1 (N.D. Cal. Oct. 6, 2008) ("A party does not have standing to quash a subpoena on the basis that the non-party recipient of the subpoena would be subjected to an undue burden when the non-party has failed to object."); *see also* 8A Wright & Miller § 2035 ("A party may not ask for an order to protect the rights of . . . a witness if that . . . witness does not claim protection for himself.").

To illustrate, Haulla concedes that "[t]he [r]equests impose an impossible burden *on the Nonparties*," Def.'s Mot. to Quash at 8 (emphasis added), but Haulla does not claim that it is likewise burdened by the requests. Further, to the extent that the requests are overboard or irrelevant, the subpoenas would impose a greater burden, and perhaps an undue burden, on the Non-Parties because they would have to search for and produce more documents than are discoverable or proportional to the needs of the case. Haulla, who is not the target of the subpoenas, is not burdened by the overboard or irrelevant requests, nor is otherwise subjected to an undue burden from the subpoenas. As such, Haulla lacks standing to challenge the subpoenas based on the "overboard," "irrelevant," and "undue burden" grounds. *See, e.g.*, *Coalview Centralia, LLC v. Transalta Centralia Mining LLC*, No. 3:18-CV-05639-RBL, 2019 WL 2563851, at *1 (W.D. Wash. Mar. 21, 2019) ("[A] party lacks standing to object to a subpoena issued to a non-party on grounds that the subpoena seeks irrelevant information or would impose an undue burden, especially where the non-party, itself, has not objected." (internal quotes omitted)).

Haulla also claims that to the extent that the documents that are requested in the subpoenas do exist, Haulla would have them in its possession, custody, or control. Def.'s Mot.

to Quash at 6–7.  But Haulla does not, nor can it, say that the requested documents are not in the possession, custody, or control of the Non-Parties.  So, if Haulla's claim is true, it is reasonable to conclude that Haulla as well as the Non-Parties may have in their possession, custody, or control, duplicate copies of some or all of the documents that the subpoenas seek from the Non-Parties.

Although Rule 45 authorizes a party to issue a subpoena to compel a non-party to "produce designated documents . . . in *that person's* possession, custody, or control," Fed. R. Civ. P. 45(a)(1)(A)(iii) (emphasis added); *see also* Fed. R. Civ. P. 45 advisory comm.'s notes to 1991 amend., courts have held that "where the sought-after documents are within the possession, custody, or control of a party, it is not appropriate to employ Rule 45 to secure such documents from a non[-]party . . . who may also be in possession of the documents or copies," *Suntrust Mortg., Inc. v. Busby*, No. 2:09CV10, 2009 WL 5511215, at *2 (W.D.N.C. Dec. 18, 2009).  Such holdings are grounded in the rationale for avoiding unnecessary burden on the non-party: "'there is simply no reason to burden nonparties when the documents sought are in the possession of the party defendant.'"  *Weatherly v. State Farm Fire & Cas. Ins.*, No. CIV.A. 07-4371-EEH-S, 2009 WL 1507353, at *3 (E.D. La. May 28, 2009) (brackets omitted) (quoting *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007)).  As such, it is for the non-party to challenge the subpoena on the grounds that the subpoena imposes an unnecessary or undue burden on the non-party.  *Cf. MC Trilogy Texas, LLC v. City of Heath, Texas*, No. 3:22-CV-2154-D, 2023 WL 7004442, at *3 (N.D. Tex. Oct. 24, 2023) ("[T]he *non-party* served with the subpoena . . . is better positioned to object properly to the subpoena's burden.").

Here, West Connections' subpoenas seek documents in the possession, custody, or control of the Non-Parties, not any copies of the same documents that Haulla may have in its

possession, custody, or control. Consequently, the subpoenas may impose an unnecessary burden, or perhaps an undue burden, on the Non-Parties, but not any burden on Haulla because, again, it is not the target of the subpoenas. As such, Haulla, who is not itself burdened by the subpoenas, lacks standing to challenge the subpoenas' requests for documents on the grounds that Haulla too may have the requested documents in its possession, custody, or control. *Cf. Swire v. Kempf*, No. 1:18-CV-1003-AWA, 2020 WL 2326198, at *2, *3 n.2 (W.D. Tex. May 11, 2020) (stating that the plaintiff, who moved to quash the defendant's subpoena to a non-party, "does not have standing to raise" the argument that the subpoena requests documents that the plaintiff "already produced").

### III.  CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendant's Motion to Quash, Modify, or for Protection from Plaintiffs' Subpoenas to Non-Parties (ECF No. 23) is **DENIED**.

**So ORDERED and SIGNED this   30th   day of August 2024.**

                                                                   **ANNE T. BERTON**
                                                                   **UNITED STATES MAGISTRATE JUDGE**