IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| EL PASO DISPOSAL, LP, WASTE CONNECTIONS OF TEXAS, LLC, and WASTE CONNECTIONS LONE STAR, INC., § § § § § § § § § § § § § § | | |
| *Plaintiffs*, | | |
| v. | § | Case No. EP-24-CV-00097-KC |
| ECUBE LABS CO. d/b/a HAULLA SERVICES, | | |
| *Defendant.* | | |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE
TO EXCEED PAGE LIMITS FOR THEIR MOTION TO COMPEL**

Defendant Ecube Labs Co. d/b/a Haulla Services ("*Haulla*") files this Response to Plaintiffs' Motion for Leave to Exceed Page Limits for Plaintiffs' Motion to Compel (ECF No. 38) (the "*Motion*").

## **STATEMENT OF ISSUES**

1. Should this Court grant leave for Plaintiffs' to file a 20-page motion to compel exceeding limits set forth in the Western District of Texas Local Rule CV-7 when (a) Plaintiffs refused to engage in a meaningful meet and confer; and (b) Plaintiffs' proposed bloated, verbose discovery motion expends pages discussing withdrawn objections and could be consolidated to comply with the 10-page limit?

I.  **INTRODUCTION**

The Western District of Texas's Local Rule CV-7(c)(2) confirms the preference for concise, pertinent, and well-organized discovery motions limited to 10 pages. Plaintiffs' Motion nevertheless asks this Court to grant leave to pen 20 pages of inflated and irrelevant complaints in their attached Motion to Compel (ECF No. 38-1) (the "*Proposed Motion*"). And while Plaintiffs contend doubling the page limit is necessary because Haulla asserted objections on which it continues to stand, that is the quintessential issue in nearly all discovery motions. It does not justify doubling the page limits.

This Court can avoid that issue for now because Local Rule CV-7(g) requires the parties confer in good-faith to resolve the matter by agreement and certify the "specific reason that no agreement could be made." Haulla admits the parties conferred to address Haulla's original objections to Plaintiffs' vastly overbroad discovery requests, but Plaintiffs made no such attempt to confer regarding the Motion. Nor does the Motion contain the necessary certification of Local Rule CV-7(g); at best, Plaintiffs' attempt to confer amounted to explaining "obviously there will be a lot of issues to address in the briefing" and it would be a professional courtesy to agree. Western District of Texas courts are clear that Plaintiffs' actions fail to constitute a good-faith conference.

Haulla therefore asks the Court to deny Plaintiffs' Motion. But if this Court is inclined to grant Plaintiffs leave, Haulla alternatively asks the Court to grant leave such that the parties comply with limits applicable to "other motions" in Local Rule CV-7.

II.  **FACTUAL BACKGROUND**

Plaintiffs' Motion and the Proposed Motion paint a distorted picture of the discovery process to date. On June 24, 2024, before the parties negotiated and executed an ESI protocol and before this Court entered a protective and confidentiality order, Plaintiffs propounded 12

Interrogatories and 30 Requests for Production ("*RFPs*") seeking records from their direct-competitor, Haulla. Indeed, many of Plaintiffs' discovery requests sought Haulla's confidential, proprietary, or trade-secret information or documents. *See, e.g.*, ECF No. 38-2 Ex. B, at RFP No. 15 (requesting "[a] list of all current Haulla customers located in Texas"). Thus, on July 24, 2024, Haulla appropriately and timely objected to the overly broad and unduly burdensome requests.[1] *See id.* at Ex. A–B. In light of this Court's decisions explaining a party only has the right to object or respond (not both),[2] Haulla only asserted its objections. *See id.*

Over the course of the next month, the parties met and conferred three times, each for an hour or less, to discuss every propounded discovery request and Haulla's objections. Ex. 1 ¶ 3 (attaching the September 13, 2024 declaration of J. Blake Glatstein). However, many of these conferences were in vain; Plaintiffs largely refused to engage in a meaningful discussion about the scope of their overly broad and unduly burdensome requests that seek large swaths of confidential, proprietary, and trade-secret information and documents from their direct competitor that are irrelevant to the facts and claims at issue here. *Id.* Indeed, instead of negotiating to tailor many of their discovery requests to information, facts, and geographies relevant to the asserted claims and issues in this case, Plaintiffs asked Haulla whether it intended to stand on its objections, demanded compliance with their requests, and threatened court intervention. *Id.* Haulla proposed reasonable ways to tailor the scope of Plaintiffs' objectionable requests, but Plaintiffs refused.

---

[1] Haulla raised other objections, but for brevity in this Response, Haulla refers to its objections of overly broad and unduly burdensome.

[2] *See, e.g.*, *Superior Sales W., Inc. v. Gonzalez*, 335 F.R.D. 98, 103 (W.D. Tex. 2020) (Cardone, J.) (explaining a party may not object and answer "subject to and without waiving the above objections" because "responding parties must either answer *or* object" (emphasis added)); *see also Marquez v. TE Connectivity Corp.*, No. EP-19-CV-341-KC, 2022 WL 17494655, at *6 n.1 (W.D. Tex. Dec. 7, 2022) (Cardone, J.), *appeal dism'd*, No. 23-50023, 2023 WL 9186710 (5th Cir. Sept. 12, 2023).

Nevertheless, the parties did compromise on some of Haulla's objections, and they agreed by August 28, 2024, Haulla would amend its objections to reflect their compromise and the parties would execute their extensively-negotiated ESI protocol. *Id.* ¶ 4. Haulla complied, serving its amended objections and responses to Plaintiffs' Interrogatories that (1) for four Interrogatories, withdrew objections and substantively answered; (2) for two Interrogatories, limited its objections to only reflect answers or documents were withheld pending the Court's entry of a confidentiality and protective order and the parties' execution of their agreed ESI protocol; and (3) for the other six Interrogatories, stood on its remaining objections. *Id.*; *see* ECF No. 38-2 Ex. C. That same day, Haulla also served its amended objections and responses to Plaintiffs' RFPs, which (1) for five production requests, responded or withdrew its objections (pending the execution and entrance of the ESI protocol and a confidentiality and protective order); and (2) stood on its objections to the remaining 25 RFPs. *See id.* at Ex. D. Since then, the parties have not conferred further on Haulla's amended objections, answers, and responses. *See* Ex. 1 ¶ 4.

Despite Haulla's expressed willingness to execute the parties' heavily-negotiated-and-agreed-upon ESI protocol for filing on August 28, that morning, Plaintiffs' counsel admitted they lacked authority to execute the protocol. *Id.* ¶ 5. On August 30, the Friday before Labor Day Weekend, Plaintiffs provided yet another version of the ESI protocol with material changes. *See* ECF No. 38-4, at 5. Of course, Defendants needed to consider the impact of the sudden material changes, yet, on the Tuesday after Labor Day, Plaintiffs' again threatened court intervention if agreement on the revised ESI Protocol was not provided by noon the following day. *Id.* at 4. Though frustrated by Plaintiffs' antics, including now revising portions of the ESI protocol they added, Haulla wished to avoid driving up litigation costs further and burdening this Court with such a dispute. *Id.* Haulla therefore agreed to the revisions as well as the form of the Confidentiality

and Protective Order (the "*CPO*") based on this Court's Order (ECF No. 31), and the parties executed and filed both agreements on September 4, 2024, which this Court then entered on September 6, 2024. *See* ECF Nos. 36–37; ECF No. 38-4, at 3.

After executing the ESI protocol, Plaintiffs demanded a meet and confer regarding the production timeline and search terms for Haulla's production responsive to Plaintiffs' discovery requests. *See* ECF No. 38-4, at 3. As set forth in the ESI Protocol (ECF No. 37), the parties agreed to meet and confer within 15 days of their execution to determine the timeline for producing responsive documents and other ESI; Haulla explained why Plaintiffs' proffered dates would be less efficient and provided dates within the ESI Protocol's deadlines. *See id.* But when Haulla did not instantaneously acquiesce, Plaintiffs demanded Haulla's position on their forthcoming motion for leave to file a 20-page motion to compel within hours of their request.



*Id.* at 2–3. Haulla responded by (1) requesting the reason(s) why Plaintiffs anticipated needing twice the additional pages of briefing in light of the limits set forth in Local Rule CV-7; and (2) reminding Plaintiffs of the obligations to undertake a good-faith effort to meet and confer under Local Rule CV-7(g).

Rather than provide such reasons, Plaintiffs explained "obviously there will be a lot of issues to address in the briefing" and thus Haulla should agree to this supposed professional courtesy to double the page limits.



ECF No. 38-4, at 2. After conferring with the necessary individuals, Haulla explained it generally grants requests of professional courtesy, but given the concerns about doubling the work in the compressed briefing schedule and the lack of explanation, Haulla could not agree.



*Id.* at 1. Without further discussion, Plaintiffs' Motion then followed.

### III. ARGUMENT

#### A. Legal Standard

"[P]age limits ease the burden of motion practice on both the Court and the parties," and courts have "hundreds of complex cases and deal[] with a large number of motions each year." *Eolas Tech., Inc. v. Adobe Sys., Inc.*, No. 6:09-cv-446, 2011 WL 13404672, at *1 (E.D. Tex. Oct. 24, 2011). "Even small extensions combine to greatly increase the number of pages of briefing the [trial c]ourt must digest, as well as ruling on all of the motions to exceed page limits." *Id.* Thus, Local Rule CV-7 sets forth the limitations on discovery motions. Specifically, subparts (c)(2) and (d)(3) limit all discovery motions and responses to 10 pages, and all replies are limited to 5 pages, per subpart (e)(3).

Before filing such a motion for leave or the discovery motion itself, the movant must meet and confer in good faith to resolve the dispute. *See* Fed. R. Civ. P. 37(a)(1); *see also Rainbow Energy Mktg. Corp. v. DC Transco, LLC*, No. 1:21-CV-313-RP, 2022 WL 2820670, at *1 (W.D. Tex. July 18, 2022) ("Good faith requires a genuine attempt to resolve the dispute and 'conferment' requires two-way communication." (internal quotation marks omitted) (quoting *Patel v. Shipper Servs. Express*, No. 5:20-CV-00267-OLG, 2020 WL 10056291, at *1 (W.D. Tex. Oct. 19, 2020)). If an agreement cannot be reached, Local Rule CV-7(g) "requires a detailed description of the attempts made to resolve the dispute and the specific reasons why the parties could not reach an agreement." *Id*. (first citing *Patel*, 2020 WL 10056291, at *1; and then citing *Paulk v. Fries*, No. SA-12-CV-1001-FB, 2013 WL 12129935, at *3 (W.D. Tex. Apr. 9, 2013)).

#### B. Plaintiffs' failed to meaningfully meet and confer about the Motion and the Proposed Motion, rendering them premature.

"Failure to confer in good faith is grounds for dismissal of the motion, as filing discovery motions should be a 'recourse of last resort.'" *Arellanez v. Morales*, No. EP-19-CV-00187-KC-

MAT, 2022 WL 347615, at *2 (W.D. Tex. Feb. 4, 2022). Here, Plaintiffs' Motion fails to comply with Local Rule CV-7(g) and Federal Rule of Civil Procedure 37, as it fails to certify or show the parties have conferred in a *good-faith attempt to resolve the matter* by agreement and *the specific reason* that no agreement could be made.

A meaningful attempt to meet and confer did not occur. When Haulla reminded Plaintiffs' of their obligations under Rule CV-7(g) and requested the basis for this Motion, Plaintiffs simply responded it was "obvious[,]" claiming "there will be a lot of issues" to discuss in the Proposed Motion and Plaintiffs would appreciate the purported "professional courtesy." *See* ECF No. 38-4, at 2–3. Yet agreeing to double page limits under the same accelerated briefing schedule governing discovery motions is not a mere matter of "professional courtesy," it has a significant impact on the time spent and costs incurred in addressing such matters. When Haulla reiterated Plaintiffs had still not provided the reason *why* the additional pages were necessary—particularly in light of the briefing schedule—Plaintiffs simply filed this Motion. *See* ECF No. 38-4, at 1. At no point did Plaintiffs explain why these discovery issues require 20 pages of briefing.

Even more egregious was Plaintiffs' failure to engage in any meaningful discussion on the remaining objections to which Haulla stands. During the meet and confers, Haulla attempted to negotiate with Plaintiffs to more appropriately narrow the scope of Plaintiffs' objectionable discovery requests to facts, issues, and geographies relevant to the asserted claims and issues here; Plaintiffs refused. *See* Ex. 1 ¶ 3. Instead of fully evaluating (much less considering) Haulla's objections, Plaintiffs "simply requested or demanded compliance" or Plaintiffs would let this Court decide. *Patel*, 2020 WL 10056291, at *1 (cleaned up); *see* Ex. 1 ¶ 3. These demands fail to satisfy the good-faith conference standard required by Federal Rule 37 and Local Rule CV-7(g). *See, e.g.*, *Duron v. Costco Wholesale Corp.*, 2024 WL 2243303 at *2 (W.D. Tex. Apr. 12, 2024) ("Several

courts have denied motions to compel when the parties failed to first confer in an effort to narrow the issues."); *Rainbow Energy Mktg. Corp.*, 2022 WL 2820670, at *1 ("The parties need to confer, deliberate, converse, or compare views with a goal of resolving the dispute.'" (quoting *Patel*, 2020 WL 10056291, at *1)); *Anzures v. Prologis Tex. I LLC*, 300 F.R.D. 314, 316 (W.D. Tex. 2012) ("The Court expects each item to have been discussed in good faith in an effort to resolve it as required by Rule 37."). Because Plaintiffs were unwilling to engage in a fulsome discussion about the scope of discovery or the more-appropriate tailoring of 6 Interrogatories and 25 RFPs, Haulla necessarily continues to stand on its remaining objections.

Plaintiffs failed to fully evaluate any of Haulla's objections to the scope of certain requests. *Ocanas v. State Farm Lloyds*, 2015 WL 12777220 at *8 (S.D. Tex. July 29, 2015) (explaining "the Court will not expend its own time and resources evaluating every response and determining what argument Plaintiffs should have made when Plaintiffs did not take the time to fully evaluate the objections themselves."). Instead, Plaintiffs ask the Court to expend more time than the few hours the parties spent conferring to sift through double the briefing to identify what issues remain. *See Anzures*, 300 F.R.D. at 316 (noting "it seems logical that the parties will have spent an equal or greater amount of time [than they expect the court to expend] attempting to resolve the issue.").

If Plaintiffs engage in a good-faith discussion, Haulla likely could agree to a more narrowly-tailored view of nearly all pending discovery requests. But Plaintiffs' refusal and constant barrage of threats do not amount to a good-faith attempt to resolve the dispute. Because Plaintiffs failed to satisfy their obligations to engage in a good-faith conference as to the Motion and its attached motion to compel, this Court should deny the Motion as premature.

**C.    Plaintiffs' bloated motion to compel belies the relief sought in the Motion.**

Attempting to narrow the disputed discovery issues, Haulla withdrew many of its objections to Plaintiffs' requests. Where Haulla no longer asserted objections, it answered and

responded. *See* ECF No. 38-2 Ex. C, at Interrog. Nos. 2, 6, 7, 8; *id.* at Ex. D, at RFP No. 6, 18, 20. For other requests, Haulla only objected to providing a complete substantive response before this Court entered the confidentiality and protective order and before the parties' executed their agreed ESI Protocol. *See id.* Ex. C, at Inerrogs. Nos. 3, 9; *id.* at Ex. D, at RFP Nos. 21, 26. Now that this Court and the parties have done so, Haulla intends to withdraw that objection, and where no further objections are asserted, Haulla plans to answer or provide responsive documents in accordance with the parties' ESI Protocol and its agreed deadlines. Had Plaintiffs conferred before filing this Motion, Haulla would have had an opportunity to explain its intentions and perhaps avoid the necessity of this Court's intervention.

Instead, they ask for leave to double the page limit to expend pages arguing to this Court about Haulla's responses to Interrogatory Nos. 3, 6, 7, 8, and 9 and RFP Nos. 18 and 21, to which Haulla either (1) has no pending objections, or (2) only objected pending the entrance of the CPO and the ESI Protocol. There is no reason why such argument is necessary, and the proposed motion to compel lacks the "informed editorial revision" courts expect from litigants to comply with page limitations. *See, e.g.*, *Belli v. Hedden Enters., Inc.*, No. 8:12-CV-1001-T-23MAP, 2012 WL 3255086, at *1 (M.D. Fla. Aug. 7, 2012).

Rather than categorize Plaintiffs' bases for moving to compel answers to their Interrogatories (as they did with the RFPs), they discuss and argue the history of each Interrogatory. But Plaintiffs could easily, for example, group Interrogatory Nos. 4 and 5 (which Haulla objects to identify all of its new customers acquired and the revenue they generated) and Interrogatory Nos. 11 and 12 (which seek information on Haulla's document retention policy and preservation of evidence). *See* ECF No. 38-2 Ex. C, at Interrog. Nos. 5–6, 9–10. Haulla should not have to respond, and the Court should not have to sift through, these bloated arguments and

unnecessary information to determine what issues truly remain. Accordingly, Plaintiffs' proposed motion to compel wastes pages, and thus the Court should deny the current Motion.

      **D.    Alternatively, Haulla requests this Court order the parties to comply with the page and time limits applicable to "other motions" in Local Rule CV-7.**

In the event the Court finds this discovery dispute complex enough to warrant a 20-page motion to compel, Haulla asks the Court grant leave such that the parties comply with the page and time limitations applicable to "other motions" in Local Rule CV-7. Otherwise, permitting leave for the parties to file double the page limits within the same condensed briefing schedule unfairly burdens Haulla given the additional length and excess arguments.

**IV.    CONCLUSION**

Haulla asks this Court to deny Plaintiffs' Motion and order the parties to confer about the relief requested in the Motion and the Proposed Motion. Alternatively, if this Court grants the Motion, Haulla asks this Court to grant the parties leave to comply with the limits applicable to "other motions" in Local Rule CV-7.

Date: September 13, 2024                     Respectfully submitted,

By: */s/ Casey Minnes Carter*
    Winston O. Huff
    Texas Bar No. 24068745
    whuff@munsch.com
    J. Blake Glatstein
    Texas Bar No. 24123295
    bglatstein@munsch.com
    **Munsch Hardt Kopf & Harr, P.C.**
    500 North Akard Street, Suite 4000
    Dallas, Texas 75201
    Telephone: (214) 855-7500
    Facsimile: (214) 855-7584

    Casey Minnes Carter
    Texas Bar No. 24098116
    ccarter@munsch.com
    **Munsch Hardt Kopf & Harr, P.C**.
    700 Milam Street, Suite 800
    Houston, Texas 77002
    Telephone: (713) 222-1470
    Facsimile: (713) 222-1475

    Stuart R. Schwartz
    Texas Bar No. 17869750
    ssch@scotthulse.com
    James M. H. Feuille
    Texas Bar No. 24082989
    jfeu@scotthulse.com
    **ScottHulse PC**
    One San Jacinto Plaza
    201 E. Main Dr., Suite 1100
    El Paso, Texas 79901
    Telephone: (915) 533-2493
    Facsimile: (915) 546-8333

**ATTORNEYS FOR DEFENDANT ECUBE LABS CO. d/b/a HAULLA SERVICES**

-2-

## CERTIFICATE OF SERVICE

      I certify that a true and correct copy of the foregoing document has been sent in accordance with applicable rules of civil procedure on this 13th day of September, 2024, to the following counsel of record:

Ken Slavin
Valerie R. Auger
Kemp Smith LLP
221 N. Kansas, Suite 1700
El Paso, Texas 79901
ken.slavin@kempsmith.com
valerie.auger@kempsmith.com

Daniel J. Buzzetta
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
dbuzzetta@bakerlaw.com

John P. Hutchins
1170 Peachtree Street
Atlanta, Georgia 30309
jhutchins@bakerlaw.com

Andrew E Samuels
200 Civic Center Drive, Suite 1200
Columbus, Ohio 43215
asamuels@bakerlaw.com

Alexandra L. Trujillo
Aidan K. Slavin
811 Main Street, Suite 1100
Houston, Texas 77002
atrujillo@bakerlaw.com
aslavin@bakerlaw.com

                                                                    */s/ Casey Minnes Carter*
                                                                     Casey Minnes Carter