IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| EL PASO DISPOSAL, LP, WASTE CONNECTIONS OF TEXAS, LLC, and WASTE CONNECTIONS LONE STAR, INC., § § § § § § | | |
| *Plaintiffs*, § | | |
| v. § | | Case No. EP-24-CV-00097-KC |
| § § | | |
| ECUBE LABS CO. d/b/a HAULLA SERVICES, § § § | | |
| *Defendant.* § | | |

## DECLARATION OF J. BLAKE GLATSTEIN

I, J. Blake Glatstein, declare:

1. "I am an attorney with the law firm of Munsch Hardt Kopf & Harr, P.C., counsel for Defendant Ecube Labs Co. d/b/a Haulla Services ('Haulla'). My business address is 500 North Akard Street, Suite 4000, Dallas, Texas 75201. I provide this declaration in support of Haulla's Response to Plaintiffs' Motion for Leave to Exceed Page Limits for Their Motion to Compel. As an attorney of record in the above-styled case, I have personal knowledge of the facts and circumstances stated in this declaration.

2. On July 24, 2024, Haulla served its objections to Plaintiffs El Paso Disposal, LP, Waste Connections of Texas, LLC, and Waste Connections Lone Star, Inc.'s First Set of Interrogatories and First Set of Requests for Production.

3. Over the course of the next month, I personally participated in three meet-and-confer conferences with Plaintiffs. Each conference lasted about an hour or less. The parties aimed to discuss each and every propounded discovery request and Haulla's objections. While the parties

EXHIBIT 1

made some progress during the first conference discussing the Interrogatories, the second and third conferences were unproductive, as Plaintiffs largely refused to engage in a meaningful discussion about the scope of their overly broad, unduly burdensome, and objectionable requests. Instead of negotiating to tailor many of their requests to information, facts, and geographies relevant to the asserted claims and issues in their pleadings, Plaintiffs asked Haulla whether it intended to stand on its objections, demanded compliance with their requests, and threatened court intervention.

4.  Nevertheless, the parties did compromise on some of Haulla's objections. Following the third and final conference, the parties agreed Haulla would amend its objections to reflect the agreements reached during these conferences by August 28, 2024; Haulla complied. Since then, however, the parties have not conferred further on Haulla's amended objections, answers, and responses.

5.  The parties also agreed to execute their extensively-negotiated ESI protocol by that same date. Again, Haulla complied and provided its agreement to the version circulated by Plaintiffs' counsel on August 28, 2024. Despite Haulla's expressed willingness and agreement to execute the parties' agreed-upon ESI protocol, that morning, Plaintiffs' counsel explained they were still awaiting client authorization to execute the protocol. Eventually, Plaintiffs provided a revised version of the ESI Protocol, which the parties later executed and the Court entered."

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 13, 2024.

*J. Blake Glatstein*

EXHIBIT 1