**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **EL PASO DISPOSAL, LP, WASTE CONNECTIONS OF TEXAS, LLC, WASTE CONNECTIONS LONE STAR, INC., and WASTE CONNECTIONS US, INC.,** | § § § § § § | |
| **Plaintiffs,** | § § | |
| **v.** | § § | **CASE NO. 3:24-CV-00097-KC** |
| **ECUBE LABS CO. d/b/a HAULLA SERVICES and ECUBE LABS CO., LTD.** | § § § § | |
| **Defendants.** | § § | |

<u>**DEFENDANT ECUBE LABS CO. D/B/A HAULLA SERVICES' ORIGINAL ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO SECOND AMENDED COMPLAINT**</u>

Defendant Ecube Labs Co. d/b/a Haulla Services ("Defendant" or "Haulla") files this Original Answer, Affirmative Defenses, and Counterclaims ("Answer") to Plaintiffs' Second Amended Complaint ("Complaint").

## I.    NATURE OF THE CASE

1.    Defendant denies the allegations in Paragraph 1 of the Complaint.

2.    In response to Paragraph 2 of the Complaint, Defendant admits that the parties in this case are competitors in the waste collection business. Defendant denies any remaining allegations in Paragraph 2 of the Complaint.

3.    In response to Paragraph 3 of the Complaint, Defendant denies any liability to Plaintiffs.

## II.    THE PARTIES, JURISDICTION AND VENUE

4.    Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 4 of the Complaint, and on that basis, denies such allegations.

5.    Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 5 of the Complaint, and on that basis, denies such allegations.

6.    Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 6 of the Complaint, and on that basis, denies such allegations.

7.    Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 7 of the Complaint, and on that basis, denies such allegations.

8.    Defendant admits Ecube Labs Co. d/b/a Haulla is a Delaware corporation with its principal place of business at 2550 W. Main Street, Suite 202, Alhambra, California 91801. Defendant admits it is registered to do business in Texas, with its registered agent at Registered Agent Solutions, Inc., Corporate Center One, 5301 Southwest Parkway, Suite 400, Austin, Texas 78735.

9.    Defendant denies the allegation in Paragraph 9 of the Complaint that Limited[1] operates in the United States through Haulla. Defendant is without sufficient knowledge to admit or deny the remaining allegations in Paragraph 9 of the Complaint, and on that basis, denies such allegations.

10.    The allegations in Paragraph 10 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 10 of the Complaint, and on that basis, denies such allegations.

---

[1] "Limited" refers to Defendant Ecube Labs Co., Ltd.

11.     In response to Paragraph 11 of the Complaint, Defendant admits that the Court has personal jurisdiction over Defendant and denies the remaining allegations of Paragraph 11 of the Complaint.

12.     The allegations in Paragraph 12 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 12 of the Complaint, and on that basis, denies such allegations.

13.     The allegations in Paragraph 13 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 13 of the Complaint.

## III.    FACTS RELEVANT TO ALL COUNTS

14.     In response to Paragraph 14 of the Complaint, Defendant admits that Plaintiff El Paso Disposal, LP, and Plaintiff Waste Connections Lone Star, Inc., provide services in Texas. Defendant is without sufficient knowledge to admit or deny the remaining allegations of Paragraph 14 of the Complaint, and on that basis, denies such allegations.

15.     The allegations in Paragraph 15 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 15 of the Complaint.

16.     Defendant denies the allegations in Paragraph 16 of the Complaint that Limited set up Haulla to enter the U.S. Market and that Limited started brokering or brokers waste collection services. Defendant is without sufficient knowledge to admit or deny the remaining allegations in Paragraph 16 of the Complaint, and on that basis, denies such allegations.

3

17.     Defendant admits it is a broker and acts as an intermediary between a consumer and a waste hauler (such as Rio Grande Waste and Frontier Waste in Texas). Defendant denies the remaining allegation in Paragraph 17 of the Complaint.

18.     Defendant denies the allegations in Paragraph 18 of the Complaint.

19.     In response to Paragraph 19 of the Complaint, Defendant admits that the quotes from a job posting are accurate. Defendant denies the remaining allegations in Paragraph 19 of the Complaint.

20.     In response to Paragraph 20 of the Complaint, Defendant admits that its customer contract provides that Defendant may pay liquidated damages and asserts that its contracts speak for themselves. Defendant denies the remaining allegations in Paragraph 20 of the Complaint.

21.     The allegations in Paragraph 21 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 21 of the Complaint.

22.     Defendant denies the allegations in Paragraph 22 of the Complaint that Defendant is engaged in a fraudulent scheme. Defendant is without sufficient knowledge to admit or deny the remaining allegations in Paragraph 22 of the Complaint, and on that basis, denies such allegations.

23.     The allegations in Paragraph 23 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 23 of the Complaint.

24.     Defendant admits that it requests Waste Connections' invoices directly from Waste Connections' customers. Defendant denies the remaining allegations in Paragraph 24 of the Complaint.

25.     Defendant denies the allegations in Paragraph 25 of the Complaint.

26.     The allegations in Paragraph 26 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 26 of the Complaint.

27.     The allegations in Paragraph 27 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 27 of the Complaint.

28.     The allegations in Paragraph 28 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant is without sufficient knowledge to admit or deny allegations concerning Plaintiffs' internal investigation, and, on that basis, denies such allegations. Defendant denies the remaining allegations in Paragraph 28 of the Complaint.

29.     The allegations in Paragraph 29 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant is without sufficient knowledge to admit or deny allegations in Paragraph 29 of the Complaint concerning Plaintiffs' internal investigation, and, on that basis, denies such allegations. Defendant denies the remaining allegations in Paragraph 29 of the Complaint.

30.     The allegations in Paragraph 30 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 30 of the Complaint.

31.     The allegations in Paragraph 31 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 31 of the Complaint.

32.     The allegations in Paragraph 32 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant admits that Plaintiffs seek relief from the Court, but Defendant denies that it has engaged in any conduct or unlawful interference that would entitle Plaintiffs to the relief they seek.

33.     The allegations in Paragraph 33 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant admits that Plaintiffs seek damages and an order, but Defendant denies that it has engaged in any conduct that entitles Plaintiffs to damages or the order they seek.

34.     Defendant is without sufficient knowledge to admit or deny allegations in Paragraph 34 of the Complaint, and, on that basis, denies such allegations.

35.     Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 35 of the Complaint, and on that basis, denies such allegations.

36.     Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 36 of the Complaint, and on that basis, denies such allegations.

37.     Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 37 of the Complaint, and on that basis, denies such allegations.

38.     Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 38 of the Complaint, and on that basis, denies such allegations.

39.     Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 39 of the Complaint concerning Plaintiffs' disabling of the personalized security question option, and on that basis, denies such allegations. Defendant denies any remaining allegations in Paragraph 39 of the Complaint.

40.     Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 40 of the Complaint, and on that basis, denies such allegations.

41.     Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 41 of the Complaint, and on that basis, denies such allegations.

42.     The allegations in Paragraph 42 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant is without sufficient knowledge to admit or deny allegations in Paragraph 42 of the Complaint, and, on that basis, denies such allegations.

43.     Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 43 of the Complaint, and on that basis, denies such allegations.

44.     The allegations in Paragraph 44 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant is without sufficient knowledge to admit or deny allegations in Paragraph 44 of the Complaint, and, on that basis, denies such allegations.

45.     Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 45 of the Complaint, and on that basis, denies such allegations.

46.     Defendant is without sufficient knowledge to admit or deny the ] allegations in Paragraph 46 of the Complaint, and on that basis, denies such allegations.

47.     Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 47 of the Complaint, and on that basis, denies such allegations.

48.     Defendant denies the allegation in Paragraph 48 of the Complaint that "[Haulla] successfully extracted the targeted customer-related information from the Portal." Defendant is

without sufficient knowledge to admit or deny the remaining allegations in Paragraph 48 of the Complaint, and on that basis, denies such allegations.

49.    The allegations in Paragraph 49 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 49 of the Complaint.

50.    The allegations in Paragraph 50 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 50 of the Complaint.

51.    The allegations in Paragraph 51 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 51 of the Complaint.

52.    Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 52 of the Complaint, and on that basis, denies such allegations. To the extent further response is required, Defendant denies the allegations in Paragraph 52 of the Complaint.

53.    Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 53 of the Complaint, and on that basis, denies such allegations. To the extent further response is required, Defendant denies the allegations in Paragraph 53 of the Complaint.

54.    Paragraph 54 of the Complaint contains legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant admits that individuals on behalf of Haulla have communicated with prospective clients and requested certain information from them, including invoices. Defendant denies the remaining allegations in Paragraph 54 of the Complaint.

55.     The allegations in Paragraph 55 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant admits that at least one individual on Haulla's behalf communicated with at least one Waste Connections' customer and stated Haulla is a "local" company. Defendant denies the remaining allegations in Paragraph 55 of the Complaint.

56.     The allegations in Paragraph 56 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegation in Paragraph 56 of the Complaint that Defendant "kept adapting [its] tactics to keep pace with Waste Connections' security measures." Defendant is without sufficient knowledge to admit or deny the remaining allegations in Paragraph 56 of the Complaint, and on that basis, denies such allegations. To the extent further response is required, Defendant denies the remaining allegations in Paragraph 56 of the Complaint.

57.     The allegations in Paragraph 57 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 57 of the Complaint, and on that basis, denies such allegations. To the extent further response is required, Defendant denies the remaining allegations in Paragraph 57 of the Complaint.

58.     The allegations in Paragraph 58 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant admits that, in some instances, customers who terminated their contracts with Waste Connections later signed contracts with Haulla. Defendant is without sufficient knowledge to admit or deny the remaining allegations in Paragraph 58 of the Complaint, and on that basis, denies such allegations.

To the extent further response is required, Defendant denies the remaining allegations in Paragraph 58 of the Complaint.

59.    Defendant denies the allegation in Paragraph 59 of the Complaint that it has a "base of operations" in the Philippines. Defendant is without sufficient knowledge to admit or deny the remaining allegations in Paragraph 59 of the Complaint, and on that basis, denies such allegations. To the extent further response is required, Defendant denies the remaining allegations in Paragraph 59 of the Complaint.

60.    Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 60 of the Complaint, and on that basis, denies such allegations.

61.    The allegations in Paragraph 61 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the remaining allegations in Paragraph 61 of the Complaint.

62.    The allegations in Paragraph 62 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 62 of the Complaint.

63.    Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 63 of the Complaint, and on that basis, denies such allegations.

64.    The allegations in Paragraph 64 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies that the job description document referenced is Defendant's and avers that the document speaks for itself. Defendant is without sufficient knowledge to admit or deny the remaining allegations in Paragraph 64 of the Complaint, and on that basis, denies such allegations.

65.    Defendant denies the allegations in Paragraph 65 of the Complaint.

66.     The allegations in Paragraph 66 of the Complaint contain legal conclusions or arguments to which no response is required. Defendant is without sufficient knowledge to admit or deny the remaining allegations in Paragraph 66 of the Complaint, and on that basis, denies such allegations.

67.     The allegations in Paragraph 67 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegation in Paragraph 67 of the Complaint that "[Haulla] obtained that information after unlawfully accessing the portal." Defendant is without sufficient knowledge to admit or deny the remaining allegations in Paragraph 67 of the Complaint, and on that basis, denies such allegations.

68.     Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 68 of the Complaint, and on that basis, denies such allegations.

69.     The allegations in Paragraph 69 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegation in Paragraph 69 of the Complaint that the alleged activity traces back to Defendant. Defendant is without sufficient knowledge to admit or deny the remaining allegations in Paragraph 69 of the Complaint, and on that basis, denies such allegations.

70.     The allegations in Paragraph 70 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 70 of the Complaint, and on that basis, denies such allegations.

71.     Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 71 of the Complaint, and on that basis, denies such allegations.

72.     Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 72 of the Complaint, and on that basis, denies such allegations.

73.     The allegations in Paragraph 73 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegation in Paragraph 73 of the Complaint that "[t]his was no mere coincidence and demonstrates Defendants' fraudulent scheme in action." Defendant is without sufficient knowledge to admit or deny the remaining allegations in Paragraph 73 of the Complaint, and on that basis, denies such allegations.

74.     The allegations in Paragraph 74 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies it sent an email to "surreptitiously" do anything. Defendant admits it received an invoice from a customer on October 19, 2023, and the customer signed a service agreement with Defendant on October 20, 2023. Defendant is without sufficient knowledge to admit or deny the remaining allegations in Paragraph 74 of the Complaint, and on that basis, denies such allegations.

75.     The allegations in Paragraph 75 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 75 of the Complaint, and on that basis, denies such allegations.

76.     The allegations in Paragraph 76 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegation in Paragraph 76 of the Complaint that Defendant uses "deceit and misrepresentations to interfere with Waste Connections' relationships with its customers." Defendant further denies the allegation that "[t]hese allegations are false because Haulla, through

Limited, operates out of South Korea or the Philippines, is not based in Texas where the customer is located." Defendant denies it "is not a garbage 'pickup' or 'collection' company." Defendant is without sufficient knowledge to admit or deny the remaining allegations in Paragraph 76 of the Complaint, and on that basis, denies such allegations.

77.     Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 77 of the Complaint, and on that basis, denies such allegations.

78.     Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 78 of the Complaint, and on that basis, denies such allegations.

79.     The allegations in Paragraph 79 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegation in Paragraph 79 of the Complaint that "Defendants knows exactly what they are doing and why their conduct is illegal." Defendant is without sufficient knowledge to admit or deny the remaining allegations in Paragraph 79 of the Complaint, and on that basis, denies such allegations.

80.     The allegations in Paragraph 80 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegation in Paragraph 80 of the Complaint that "Defendants know their access to the Portal and related extraction of Waste Connections' confidential and proprietary customer-related information is improper and not authorized by Waste Connections, but Defendants' unlawful and unauthorized actions continue." Defendant is without sufficient knowledge to admit or deny the remaining allegations in Paragraph 80 of the Complaint, and on that basis, denies such allegations.

81.     Defendant denies the allegations in Paragraph 81 of the Complaint.

82.     The allegations in Paragraph 82 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegation that it has engaged in any "unlawful activity." Defendant is without sufficient knowledge to admit or deny the remaining allegations in Paragraph 82 of the Complaint, and on that basis, denies such allegations.

### IV.    CAUSES OF ACTION

### COUNT 1: VIOLATION OF THE DEFEND TRADE SECRETS ACT OF 2016
### (18 U.S.C. §1836, *et seq.*)

83.     In response to Paragraph 83 of the Complaint, Defendant incorporates by reference the statements set forth in Paragraphs 1 through 82 of this Answer as if fully re-written herein.

84.     The allegations in Paragraph 84 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 84 of the Complaint.

85.     The allegations in Paragraph 85 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 85 of the Complaint.

86.     The allegations in Paragraph 86 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 86 of the Complaint, and on that basis, denies such allegations.

87.     The allegations in Paragraph 87 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 87 of the Complaint.

88.     The allegations in Paragraph 88 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 88 of the Complaint.

89.     The allegations in Paragraph 89 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 89 of the Complaint.

90.     Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 90 of the Complaint, and on that basis, denies such allegations.

91.     The allegations in Paragraph 91 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 91 of the Complaint.

92.     The allegations in Paragraph 92 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant admits the allegation in Paragraph 92 of the Complaint that Defendant, as a broker, competes for customers with some Plaintiffs. Defendant denies the remaining allegations in Paragraph 92 of the Complaint.

93.     The allegations in Paragraph 93 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 93 of the Complaint.

94.     The allegations in Paragraph 94 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 94 of the Complaint.

## COUNT 2: VIOLATION OF TEXAS UNIFORM TRADE SECRET ACT

95.     In response to Paragraph 95 of the Complaint, Defendant incorporates by reference the statements set forth in Paragraphs 1 through 94 of this Answer as if fully re-written herein.

96.     The allegations in Paragraph 96 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 96 of the Complaint.

97.     The allegations in Paragraph 97 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 97 of the Complaint.

98.     The allegations in Paragraph 98 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 98 of the Complaint.

99.     Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 99 of the Complaint, and on that basis, denies such allegations.

100.    The allegations in Paragraph 100 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 100 of the Complaint.

101.    The allegations in Paragraph 101 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 101 of the Complaint.

102.    The allegations in Paragraph 102 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 102 of the Complaint.

103.    The allegations in Paragraph 103 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 103 of the Complaint.

## COUNT 3: VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT
### (18 U.S.C. § 1030, *et seq.*)

104.    In response to Paragraph 104 of the Complaint, Defendant incorporates by reference the statements set forth in Paragraphs 1 through 103 of this Answer as if fully re-written herein.

105.    The allegations in Paragraph 105 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 105 of the Complaint, and on that basis, denies such allegations.

106.    The allegations in Paragraph 106 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 106 of the Complaint.

107.    The allegations in Paragraph 107 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 107 of the Complaint.

108.    The allegations in Paragraph 108 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 108 of the Complaint.

109.    The allegations in Paragraph 109 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 109 of the Complaint.

110.    The allegations in Paragraph 110 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 110 of the Complaint.

111.    The allegations in Paragraph 111 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 111 of the Complaint.

## COUNT 4: VIOLATION OF TEXAS HARMFUL ACCESS BY COMPUTER ACT

112.    In response to Paragraph 112 of the Complaint, Defendant incorporates by reference the statements set forth in Paragraphs 1 through 111 of this Answer as if fully re-written herein.

113.    Defendant admits that Paragraph 113 of the Complaint accurately characterizes sections 33.02, 33.01(4), and 33.02(b-1)(2) of the Texas Penal Code. To the extent the allegations in Paragraph 113 of the Complaint suggest or imply that Defendant violated those sections of the Texas Penal Code, the allegations contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies those allegations.

114.    The allegations in Paragraph 114 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant admits that Paragraph 114 of the Complaint accurately characterizes sections 143.001 and 143.002 of the Texas Civil Practice and Remedies Code. To the extent the allegations in Paragraph 114 of the Complaint suggest or imply that Defendant violated those sections of the Texas Civil Practice and Remedies Code, Defendant denies those allegations.

115.    The allegations in Paragraph 115 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 115 of the Complaint.

116.    The allegations in Paragraph 116 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 116 of the Complaint.

117.    The allegations in Paragraph 117 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 117 of the Complaint.

118.    The allegations in Paragraph 118 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 118 of the Complaint.

## COUNT 5: TORTIOUS INTERFERENCE WITH CONTRACT

119.    In response to Paragraph 119 of the Complaint, Defendant incorporates by reference the statements set forth in Paragraphs 1 through 118 of this Answer as if fully re-written herein.

120.    The allegations in Paragraph 120 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 120 of the Complaint.

121.    The allegations in Paragraph 121 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 121 of the Complaint.

122.    The allegations in Paragraph 122 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 122 of the Complaint.

123.    The allegations in Paragraph 123 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 123 of the Complaint.

## COUNT 6: FRAUD

124.    In response to Paragraph 124 of the Complaint, Defendant incorporates by reference the statements set forth in Paragraphs 1 through 123 of this Answer as if fully re-written herein.

125.    The allegations in Paragraph 125 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 125 of the Complaint.

126.    The allegations in Paragraph 126 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 126 of the Complaint.

127.    The allegations in Paragraph 127 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 127 of the Complaint.

128.    The allegations in Paragraph 128 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 128 of the Complaint.

129.    The allegations in Paragraph 129 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 129 of the Complaint.

## COUNT 7: NEGLIGENT MISREPRESENTATION

130.    In response to Paragraph 130 of the Complaint, Defendant incorporates by reference the statements set forth in Paragraphs 1 through 129 of this Answer as if fully re-written herein.

131.    The allegations in Paragraph 131 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 131 of the Complaint.

132.    The allegations in Paragraph 132 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 132 of the Complaint.

133.    The allegations in Paragraph 133 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 133 of the Complaint.

134.    The allegations in Paragraph 134 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 134 of the Complaint.

135.    The allegations in Paragraph 135 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 135 of the Complaint.

136.    The allegations in Paragraph 136 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 136 of the Complaint.

## COUNT 8: FALSE ADVERTISING
## (15 U.S.C. § 1051, *et seq.*)

137.    In response to Paragraph 137 of the Complaint, Defendant incorporates by reference the statements set forth in Paragraphs 1 through 136 of this Answer as if fully re-written herein.

138.    The allegations in Paragraph 138 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 138 of the Complaint.

139.    The allegations in Paragraph 139 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 139 of the Complaint.

140.    The allegations in Paragraph 140 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 140 of the Complaint.

141.    The allegations in Paragraph 141 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 141 of the Complaint.

142.    The allegations in Paragraph 142 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 142 of the Complaint.

143.     The allegations in Paragraph 143 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 143 of the Complaint.

144.     The allegations in Paragraph 144 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 144 of the Complaint.

## COUNT 9: FALSE ADVERTISING
### (Texas Common Law)

145.     In response to Paragraph 145 of the Complaint, Defendant incorporates by reference the statements set forth in Paragraphs 1 through 144 of this Answer as if fully re-written herein.

146.     The allegations in Paragraph 146 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 146 of the Complaint.

147.     Defendant admits it is a waste broker. The allegations in Paragraph 147 of the Complaint otherwise contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the remaining allegations in Paragraph 147 of the Complaint.

148.     The allegations in Paragraph 148 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 148 of the Complaint.

149.     The allegations in Paragraph 149 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 149 of the Complaint.

150.    The allegations in Paragraph 150 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 150 of the Complaint.

151.    The allegations in Paragraph 151 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 151 of the Complaint.

152.    The allegations in Paragraph 152 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 152 of the Complaint.

## COUNT 10: CIVIL CONSPIRACY

153.    In response to Paragraph 153 of the Complaint, Defendant incorporates by reference the statements set forth in Paragraphs 1 through 152 of this Answer as if fully re-written herein.

154.    The allegations in Paragraph 154 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 154 of the Complaint.

155.    The allegations in Paragraph 155 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 155 of the Complaint.

156.    The allegations in Paragraph 156 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 156 of the Complaint.

## V.    APPLICATION FOR INJUNCTIVE RELIEF

157.    In response to Paragraph 157 of the Complaint, Defendant incorporates by reference the statements set forth in Paragraphs 1 through 156 of this Answer as if fully re-written herein.

158.    The allegations in Paragraph 158 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 158 of the Complaint.

159.    In response to Paragraph 159 of the Complaint, Defendant admits that Plaintiffs seek injunctive relief. To the extent the allegations in Paragraph 159 of the Complaint suggest or imply that Defendant is entitled to injunctive relief, they contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies those allegations.

160.    The allegations in Paragraph 160 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 160 of the Complaint.

161.    The allegations in Paragraph 161 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 161 of the Complaint.

162.    The allegations in Paragraph 162 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 162 of the Complaint.

163.    The allegations in Paragraph 163 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 163 of the Complaint.

164.    The allegations in Paragraph 164 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 164 of the Complaint.

## VI.    ATTORNEYS' FEES AND COSTS

165.    In response to Paragraph 165 of the Complaint, Defendant incorporates by reference the statements set forth in Paragraphs 1 through 164 of this Answer as if fully re-written herein.

166.    The allegations in Paragraph 166 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 166 of the Complaint.

167.    The allegations in Paragraph 167 of the Complaint contain legal conclusions or arguments to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 167 of the Complaint.

## VII.    JURY DEMAND

168.    Defendant admits that Plaintiffs have demanded a trial by jury on all issues triable by jury.

## DEFENDANT'S AFFIRMATIVE DEFENSES

1.    Plaintiffs' claims are barred, in whole or in part, because the Complaint fails to state a claim upon which relief can be granted.

2.      Plaintiffs' claims are barred, in whole or in part, because the information Plaintiffs claim comprise their trade secrets in this action do not qualify as trade secrets.

3.      Plaintiffs' claims are barred, in whole or in part, because Plaintiffs did not take reasonable measures to keep its alleged information secret.

4.      Plaintiffs' claims are barred, in whole or in part, because to the extent any information alleged in the Complaint may qualify for trade secret protection, Defendant did not acquire such information through improper means.

5.      Plaintiffs' claims are barred, in whole or in part, because Defendant did not intentionally access Plaintiffs' computer without authorization or exceed any authorized access.

6.      Plaintiffs' claims are barred, in whole or in part, because no enforceable contract exists between Plaintiffs and Defendant.

7.      Plaintiffs' claims are barred, in whole or in part, because Defendant did not see or agree to any contractual terms.

8.      Plaintiffs' claims are barred, in whole or in part, because Defendant is not liable for acts attributable to any third party and/or independent contractor.

9.      Plaintiffs' recovery must be barred altogether or reduced in proportion to their own fault pursuant to Chapter 33 of the Texas Civil Practice and Remedies Code.

10.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs fail to plead their claims with particularity.

11.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' own acts or omissions caused or contributed to Plaintiffs' alleged injuries.

12.     Plaintiffs' claims are barred, in whole or in part, by justification and/or privilege.

13.     Plaintiffs' claims are barred, in whole or in part, by consent and/or authorization.

14.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

15.    Plaintiffs' claims are barred, in whole or in part, by doctrine of waiver.

16.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of puffery.

17.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

18.    Plaintiffs' claims are barred, in whole or in part, by waiver.

19.    Plaintiffs' claims are barred, in whole or in part, because Defendant's conduct was not the proximate cause of any injuries suffered by Plaintiffs.

20.    Plaintiffs' claims are barred, in whole or in part, because of Plaintiffs' failure to mitigate their damages.

21.    Plaintiffs' claims are barred, in whole or in part, because they lack standing to bring their claims.

22.    Plaintiffs' claims of misappropriation are made in bad faith and Defendant is entitled to reasonable attorneys' fees, costs, and any other available relief under Tex. Civ. Prac. & Rem. Code § 134A.005 and 18 U.S.C. § 1836(b)(3)(D).

23.    Plaintiffs' claims are barred, in whole or in part, because any claim for punitive or exemplary damages is subject to the limitations and constraints of the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and/or applicable limitations under the Texas Constitution and/or statutes of Texas.

24.    Plaintiffs' claims are barred, in whole or in part, because punitive or exemplary damages should not be imposed in this case unless Plaintiffs are able to prove their case by clear and convincing evidence. Failure to include this higher burden of proof in connection with assessing punitive or exemplary damages constitutes a deprivation of property without due process, contrary to the Fifth and/or Fourteenth Amendment to the United States Constitution.

25.     Plaintiffs are not entitled to injunctive relief because any alleged injury to Plaintiffs is not immediate or irreparable, and Plaintiffs have an adequate remedy at law. Furthermore, the balance of hardships favors Defendant, and an injunction against Defendant would harm the public interest.

26.     Defendant reserves the right to assert additional affirmative defenses during this litigation.

## DEFENDANT'S ORIGINAL COUNTERCLAIMS[2]

Counter-Plaintiff Ecube Labs Co. d/b/a Haulla ("Haulla") brings the following counterclaims against Counter-Defendants El Paso Disposal, LP, Waste Connections of Texas, LLC, and Waste Connections Lone Star, Inc. (collectively, "Waste Connections").

### NATURE OF THE COUNTERCLAIMS

1.     The parties here are competitors in the waste collection business. This case concerns Waste Connections' malicious and illegal scheme to defame Haulla, falsely advertise about Haulla's product, and tortiously interfere with Haulla's contracts and prospective business relations by refusing to accept lawful customer terminations, payments for liquidated damages, and requests for dumpster removals and by commercially advertising and promoting that Haulla is going out of business and that Haulla's business is illegal.

2.     Haulla brings these counterclaims to recover damages caused by Waste Connections' conduct and to prevent such conduct from occurring again.

---

[2] Defendant's counterclaims are identical to those previously asserted in Defendant's Original Answer, Affirmative Defenses, and Counterclaims to First Amended Complaint (ECF No. 87). Defendant includes its counterclaims in the instant Answer for the purposes of preserving its claims.

## THE PARTIES, JURISDICTION, AND VENUE

3.      Counter-Plaintiff Ecube Labs Co. d/b/a Haulla is a Delaware corporation with its principal place of business at 2550 W. Main Street, Suite 202, Alhambra, California 91801. It is registered to and does business in Texas.

4.      Counter-Defendant El Paso Disposal, LP, is a Texas limited partnership with its principal place of business at 3 Waterway Square Place, Suite 110, The Woodlands, TX 77380.

5.      Counter-Defendant Waste Connections of Texas, LLC, is a Delaware limited liability company with its principal place of business in Texas at 3 Waterway Square Place, Suite 110, The Woodlands, TX 77380. Its registered agent is Corporation Service Company, 211 E. 7th Street, Suite 620, Ausin, Texas 78701.

6.      Counter-Defendant Waste Connections Lone Star, Inc., is a Texas corporation with its principal place of business at 3 Waterway Square Place, Suite 110, The Woodlands, TX 77380.

7.      This Court has jurisdiction under 28 U.S.C. § 1331 because this action presents federal questions under the Lanham Act (15 U.S.C. § 1051, et seq.) as set forth below. This Court also has supplemental jurisdiction over the Texas state law claims under 28 U.S.C. § 1367 because the state law claims are so related to the federal question claims that they form part of the same case and controversy.

8.      This Court has personal jurisdiction over Counter-Defendants because they submitted to the Court's jurisdiction by filing their original related claims. Furthermore, this Court has general jurisdiction over Counter-Defendants because Counter-Defendants are at home in Texas either because Counter-Defendants are Texas entities or have their principal place of business in Texas.

9.      Venue is proper in this Court because Counter-Defendants submitted to this Court's venue by filing their original related claims. Furthermore, this Court's venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the misconduct giving rise to the counterclaims alleged herein occurred in this judicial district. Specifically, Waste Connections tortiously interfered with Haulla's contracts with customers and business relations with prospective customers in the Western District of Texas, in particular in and around El Paso, Texas, and falsely advertised about Haulla's products to Haulla's customers and prospective customers in the Western District of Texas, in particular in and around El Paso, Texas.

## FACTS RELEVANT TO ALL COUNTERCLAIMS

10.      Haulla is a waste management services broker. It sells its services locally on behalf of third parties like Rio Grande Disposal and Frontier Waste. Haulla fills a market void by helping fill routes for local "mom and pop" waste haulers that lack the sales and customer service resources of large, national waste management companies like Waste Connections. The waste haulers with which Haulla partners are local to the area, and Haulla picks up the waste locally through its contracts with these local third-party haulers.

11.      Haulla's marketing strategy is "Save Money with Haulla!" and that Haulla will take 15% off customers' current rates with no costs to switch. To facilitate that strategy, Haulla contracts with hundreds of sales representatives through independent contractor agreements or agreements with third-party staffing companies (collectively, "ICs"). The ICs are a transient community with a population of over 250 at any one time, changing at a rate of around 25 people per week. The ICs are located across the world, including in the Philippines, Mexico, and India.

12.      The ICs are trained to call and connect with prospective customers. Before calling, the ICs research each prospective customer and their needs. This includes looking at GoogleMap

images to identify the location, size, and type of the customer's existing dumpster. The ICs are also trained to look for any markings on the dumpster to identify who the prospective customer's current (or incumbent) waste hauler is. Therefore, in the vast majority of cases, the ICs are calling prospective customers armed with information about who the incumbent hauler is, the size and type of the dumpster, and the dumpster's location—all gleaned from publicly available images on the internet.

13.    During their calls with prospective customers, the ICs are trained to confirm this information about the prospective customer's incumbent waste hauler and dumpster information. The ICs also are trained to ask for an incumbent hauler's invoice(s) because Haulla advertises, both online and via email, that it will beat a prospective customer's current price by at least 15%, and ICs use the invoice to verify the prospective customer's price from their current waste hauler.

14.    To make a competitive quote, Haulla requires information that can be confirmed from the invoice: the current price, amount of weekly pickups, dumpster type, and dumpster size. This information is readily available on the customer's own invoice. Haulla trains the ICs on how to identify the relevant information contained on an invoice provided by a prospective customer to generate a price quote.

15.    Waste Connections' customer invoices—which are provided to Haulla voluntarily by the customer itself—include the customer's account number, physical address, email address, direct phone number, pickup schedule, service needs, invoice information, service locations, containers sizes, itemized charges associated with services, and automated payment preferences. This information is customer-specific and readily available from a single customer invoice—no compilation of invoices or other information is required. Nothing on Plaintiffs' invoices suggests

that the information on the invoice is confidential or that there is any expectation that the information remain confidential.

16.    In connection with advertising its services, the ICs are trained to advise customers that Haulla will also assist customers by taking care of the transition process itself, including transferring the account to Haulla and paying any liquidated damages incurred by the prospective customer canceling its contract early with its incumbent hauler.

17.    Once a customer decides to transfer its service to Haulla, the customer signs a Service Agreement based on the generated price quote, and a power of attorney ("POA"). The POA allows Haulla to act as the customer's lawful attorney-in-fact with full power of substitution and assignment to: (1) process and execute the termination of service agreements with the customer's incumbent hauler, (2) execute any and all acts for and on behalf of the customer which may be necessary or desirable to compete and execute the termination of such agreements, and (3) take any action of any type whatsoever in connection with the foregoing which, in the opinion of Haulla, may be of benefit to, in the best interest of, or legally required by the customer. Based on the POA and customer's agreement therein, any document Haulla executes on behalf of the customer is also legally valid.

18.    Upon receipt, Haulla sends a copy of the POA along with a termination-of-service notice via USPS Certified Mail to the customer's incumbent hauler. As the customer's attorney-in-fact, Haulla seeks information, through any channel available to the customer, related to the termination of service from any incumbent hauler, including the amount of any liquidated damages owed to lawfully terminate the customer's existing contract with the incumbent hauler.

19. Once Haulla receives the liquidated damages amount, Haulla submits payment of the liquidated damages amount to the incumbent hauler and requests the incumbent hauler's dumpster or bin be removed.

20. Haulla coordinates with its third-party local hauler to deliver a dumpster or bin for Haulla's service and schedules regular waste collection based on the terms of the Service Agreement.

21. But once Waste Connections learns its customer is transferring its service to Haulla, Waste Connections refuses to let its customers terminate their contracts with Waste Connections in accordance with the terms and conditions of their customer contract, thereby tortiously preventing Haulla from earning the money it is entitled to through Haulla's agreements with its customers.

22. Waste Connections interferes with Haulla's contracts in several ways. For instance, Waste Connections trains their sales and customer service representatives to refuse to accept Haulla's POA and to claim Haulla's POAs are unlawful and nonbinding, even though such POAs are perfectly valid, binding, and enforceable.

23. Second, Waste Connections' representatives have gone so far as to refund liquidated damages payments made by Haulla when it learns that Haulla made the payments on behalf of customers.

24. Third, purposefully delaying the transfer of a customer's service from Waste Connections to Haulla, Waste Connections also contacts its now-former customers and tells them that Haulla's POA is invalid, that Haulla's business is illegal, or that Haulla is going out of business—all statements Waste Connections knows are false.

25.     Fourth, when Waste Connections fails to earn back the former customer's business, Waste Connections refuses to remove its dumpster or waste bin from the customer's business. Waste Connections will purposefully delay the pickup of its dumpster or bin, call its former customer, and claim that the fact that Waste Connections' own bin is still there is evidence that Haulla is incapable of servicing the customer—a statement Waste Connections knows is false.

26.     Finally, Waste Connections trains and encourages its sales and customer services representatives to tell prospective customers and other industry members that Haulla is going out of business, that Waste Connections' lawsuit is going to put Haulla out of business, and that Haulla's business is illegal. Waste Connections knows these statements are not true, but Waste Connections intentionally commercially promotes, advertises, and conveys these falsehoods to injure Haulla and stop Haulla from gaining new customers.

**CAUSES OF ACTION**

**Count 1: False Advertising in violation of the Lanham Act (15 U.S.C. § 1125(a))**

27.     Haulla realleges and incorporates by reference the allegations set forth above.

28.     Waste Connections made and is making false or misleading statements of fact about Haulla's products and services to Haulla's current and prospective customers in order to solicit them and stop Haulla from growing its business. Specifically, Haulla made and is making false or misleading statements about, among other things, Haulla's business being unlawful and Haulla going out of business.

29.     Waste Connections' statements are false or misleading because, among other reasons, Haulla's business is legal and Haulla has no plans to stop its business.

30.     Waste Connections' statements either deceived or had the capacity to deceive a substantial segment of Haulla's current or prospective customers in that, based on feedback from

ICs' interactions with Haulla's current and prospective customers, Waste Connections representatives made these false or misleading statements to a significant percentage of current and prospective Haulla customers since at least April 2024.

31.    Waste Connections' deceptive statements are and were material in that the statements are and did influence or are likely to influence current and prospective customers' decisions about whether to use Haulla's products or services.

32.    Waste Connections' and Haulla's products and services are in interstate commerce because they are provided in multiple states in the United States and through the Internet.

33.    Haulla has been and is likely to be injured as a result of Waste Connections' false or misleading statements because Haulla has lost customers and was unable to sell services to new customers that were unwilling to use or transfer service to Haulla based on Waste Connections' deceptive statements.

34.    Waste Connections' false statements were made knowingly and willfully, and Waste Connections conduct is an exceptional case under the statute because Waste Connections brought a meritless lawsuit against Haulla for the sole stated purpose to put Haulla out of business. Because Waste Connections cannot or refuses to compete with Haulla's lower prices driven by Haulla's lawful streamlined sales and service model using smaller local waste haulers, Waste Connections has used and continues to use the legal system as a tool to irreparably tarnish Haulla's brand, reputation, and goodwill.

35.    Haulla is entitled to an award of actual damages caused by Waste Connections' false or misleading statements, as well as exemplary damages, interest, and costs. Haulla is also entitled to injunctive relief and other equitable relief against Waste Connections' false or misleading statements.

**Count 2: Defamation under Texas law**

36.     Haulla realleges and incorporates by reference the allegations set forth above.

37.     Waste Connections published to Haulla's current and prospective customers that Haulla's business was unlawful and Haulla was and is going out of business—statements of fact.

38.     Waste Connections' statements about Haulla and its business are false and were false at the time the statements were made.

39.     Waste Connections knew the statements were false when they made them. Waste Connections was acting with actual malice or negligence when making the statements.

40.     Waste Connections' statements actually and proximately caused damage to Haulla because Waste Connections' statements caused Haulla to lose customers, lose prospective new customers, and damaged Haulla's reputation and goodwill.

41.     Haulla is entitled to an award of actual damages caused by Waste Connections' false statements, as well as exemplary damages, interest, and costs. Haulla is also entitled to injunctive relief and other equitable relief against Waste Connections for their false statements.

**Count 3: Tortious Interference with Contract under Texas law**

42.     Haulla realleges and incorporates by reference the allegations set forth above.

43.     Waste Connection interfered, and continues to interfere, with Haulla's existing customer Service Agreements. This interference has directly caused the premature termination of Haulla's customer contracts and otherwise hindered, precluded, lessened the benefits, or increased the burdens of Haulla maintaining such contracts, all without legal justification or excuse.

44.     Waste Connections' interference includes, but is not limited to: (1) Waste Connections' representatives making false statements about the legality and validity of Haulla's POA for Haulla and its customers, refusing to allow Haulla's customers to use the executed POAs

to cancel Waste Connections' service and pay liquidated damages, and ultimately inducing customers to terminate their Service Agreements and other business relationship with Haulla; and (2) using defamatory statements about Haulla to induce customers to terminate their Service Agreements and other business relationships with Haulla.

45.    This conduct demonstrates an intent by Waste Connections to induce customers to breach their Service Agreements or customer contracts with Haulla.

46.    Haulla is entitled to an award of damages for actual loss caused by Haulla's tortious interference, together with exemplary damages, interest, and cots. Haulla is further entitled to injunctive relief and other equitable relief against Waste Connections for their tortious interference.

**Count 4: Tortious Interference with Prospective Business Relations under Texas law**

47.    Haulla realleges and incorporates by reference the allegations set forth above.

48.    Waste Connection interfered, and continues to interfere, with Haulla's prospective business relations. This interference has directly caused prospective customers to refuse to sign Service Agreements or customer contracts with Haulla and otherwise hindered, precluded, lessened the benefits, or increased the burdens of Haulla maintaining such business relations with prospective customers, all without legal justification or excuse.

49.    Waste Connections' interference includes but is not limited to Waste Connections' representatives (1) making false statements about the legality and validity of Haulla's business to Haulla's prospective customers, and (2) claiming to prospective customers that Haulla's sales and service approach is unlawful all of which was done to cause customers to refuse entering into Service Agreements and other business relationships with Haulla.

50.    This conduct demonstrates an intent by Waste Connections to induce customers to breach their Service Agreements or customer contracts with Haulla.

51.     Haulla is entitled to an award of damages for actual loss caused by Haulla's tortious interference, together with exemplary damages, interest, and cots. Haulla is further entited to injunctive relief and other equitable relief against Waste Connections for their tortious interference.

### APPLICATION FOR PERMANENT INJUNCTIVE RELIEF

52.     Haulla realleges and incorporates by reference the allegations set forth above.

53.     In addition to damages caused by Waste Connections' egregious and unlawful conduct, Haulla is entitled to injunctive relief under Texas Civil Practice & Remedies Code § 134A.003, Federal Rule of Civil Procedure 65, and other applicable law to permanently enjoin Waste Connections' continuing and future conduct seeking to falsely advertise, defame, and tortiously interfere with Haulla's current and prospective customers' contracts and business relations with Haulla.

54.     Haulla seeks injunctive relief preventing Waste Connections and its employees from (1) making false statements about the legality or validity of Haulla's business practices (including its use of POAs drafted by Haulla to be used by and between Haulla and its customers); (2) directly or indirectly making any false or misleading commercial and defamatory statements about Haulla and its products and services; and (3) requiring Waste Connections to issue corrective advertising, including statements clarifying that Haulla's business is lawful and Haulla is not going out of business, and any similar statements necessary to correct Waste Connections' false advertising and defamation.

55.     Haulla is entitled to permanent injunctive relief because Waste Connections' continuing and unlawful conduct has caused and will continue to cause Haulla to suffer irreparable injury if Waste Connections is not enjoined as requested.

56.     As for Waste Connections' continuing and future unlawful conduct, the remedies

available to Haulla at law, such as monetary damages, are inadequate to compensate for irreparable injury to Haulla's reputation, goodwill, and other business assets.

57. The equitable remedies of injunctive relief are warranted upon consideration of the balance of hardships between Haulla and Waste Connections, and preventing Waste Connections from doing what it is not permitted to do in the first instance causes no harm to Waste Connections.

58. The injunctive relief being sought will not hurt the public interest.

### ATTORNEYS' FEES AND COSTS

59. Haulla realleges and incorporates by reference the allegations set forth above.

60. Haulla is entitled to recover its attorneys' fees and costs in connection with these counterclaims pursuant to, without limitation, Tex. R. Civ. P. 137, 15 U.S.C. § 1117, and 18 U.S.C. § 2702(c).

61. Haulla is also entitled to recover its attorneys' fees and costs as the prevailing party in Waste Connections' bad faith trade secrets misappropriation claims under the DTSA and TUSTA pursuant to 18 U.S.C. § 1836(b)(3)(D) and Tex. Civ. Prac. & Rem. Code § 134A.005.

62. Further, expert witness fees are taxable as costs of federal litigation under Fed. R. Civ. P. 54 and 28 U.S.C. § 1920.

### JURY DEMAND

63. Haulla demands a trial by jury on all issues triable to a jury in these counterclaims.

### PRAYER FOR RELIEF

64. Haulla respectfully requests and prays this Court enter judgment in its favor, that Waste Connections take nothing, and Haulla be awarded the following relief:

        a. A judgment awarding Haulla actual and exemplary damages resulting from Waste Connections' wrongdoing, in an amount to be proven at trial on the

merits;

b.   A permanent injunction enjoining Waste Connections from (1) making false statements about the legality or validity of Haulla's business practices (including its use of POAs drafted by Haulla to be used by and between Haulla and its customers); (2) directly or indirectly making any false or misleading commercial and defamatory statements about Haulla and its products and services; and (3) requiring Waste Connections to issue corrective advertising, including statements clarifying that Haulla's business is lawful and Haulla is not going out of business, and any similar statements necessary to correct Waste Connections' false advertising and defamation;

c.   A judgment awarding Haulla disgorgement of Waste Connections' profits made as a result of its wrongdoing;

d.   A judgment awarding Haulla attorneys' fees, expert witness fees, and all other costs associated with this litigation;

e.   Pre- and post-judgment interest at the highest rate allowable by law; and

f.   All other relief, legal or equitable, to which Haulla may be justly entitled.

Dated: October 1, 2025                     Respectfully submitted,

                                           **VARTABEDIAN HESTER & HAYNES LLP**

                                    By:  */s/ Daniella P. Main*
                                         Daniella P. Main
                                         Texas Bar No. 24120235
                                         daniella.main@vhh.law
                                         J. Blake Glatstein
                                         Texas Bar No. 24123295
                                         blake.glatstein@vhh.law

                                         2200 Ross Ave., Suite 4600E
                                         Dallas, Texas, 75201
                                         469.654.1340

                                         Robert C. Vartabedian
                                         Texas Bar No. 24053534
                                         Rob.Vartabedian@vhh.law
                                         Austin N. Priddy
                                         Texas Bar No. 24098284
                                         Austin.Priddy@vhh.law

                                         301 Commerce Street, Suite 2200
                                         Fort Worth, TX 76102
                                         817.214.4990

                                         **ATTORNEYS FOR DEFENDANT
                                         ECUBE LABS CO. d/b/a HAULLA
                                         SERVICES**

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served electronically via the Court's e-file system on all counsel of record on October 1, 2025.

                                         */s/ Daniella P. Main*
                                         Daniella P. Main