**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **EL PASO DISPOSAL, LP, WASTE CONNECTIONS OF TEXAS, LLC, WASTE CONNECTIONS LONE STAR, INC., and WASTE CONNECTIONS US, INC.,** | § § § § § § | |
| | § | **CAUSE NO. EP-24-CV-97-KC** |
| **Plaintiffs,** | § § | |
| **v.** | § § | |
| **ECUBE LABS CO. d/b/a HAULLA SERVICES, and ECUBE LABS CO., LTD.,** | § § § § | |
| **Defendants.** | § | |

**PLAINTIFFS' RESPONSE TO COURT ORDER (ECF NO. 192)**
**CONFIRMING INTENT TO PROCEED AGAINST ECUBE LABS CO., LTD.**
**AND REQUEST FOR EXTENSION OF TIME**

Pursuant to the Court's October 14, 2025 Order (ECF No. 192), Plaintiffs El Paso Disposal, LP, Waste Connections of Texas, LLC, Waste Connections Lone Star, Inc. and Waste Connections US, Inc. (collectively, "Plaintiffs") file this written notice confirming their intent to pursue their claims against Ecube Labs Co., Ltd. ("Ecube Ltd.") and also to request an extension of time to conduct discovery in order to pursue those claims.

As the Court is aware, Defendant Ecube Labs Co. d/b/a Haulla Services ("Haulla") filed its Suggestion of Bankruptcy on October 10, 2025, while the parties were in the midst of discovery, shortly after the Court granted Plaintiffs leave to amend their complaint to add Ecube Ltd., and shortly after the Court granted Plaintiffs' motion for preliminary injunction (ECF Nos. 166, 175, 191). Although Haulla represented to the Bankruptcy Court that it filed its Chapter 11 bankruptcy

1

case to take advantage of the "breathing room provided by the automatic stay,"[1] it failed to disclose to the Bankruptcy Court that this Court had issued the Preliminary Injunction shortly before the bankruptcy filing. Plaintiffs have since informed the Bankruptcy Court of this Court's Preliminary Injunction and notified the Bankruptcy Court that Plaintiffs intend to move for relief from the automatic stay in Bankruptcy Court to allow Plaintiffs to seek all available relief against Haulla in this Court.[2]

In the meantime, Plaintiffs are actively and diligently pursuing service of process on Ecube Ltd. in South Korea via the Hague Convention, but as the Court is likely aware, this is a time-consuming process that requires Plaintiffs to translate key documents into Korean and forward those documents to the South Korean Central Authority for review and approval before the documents can be served on Ecube Ltd. by local officials. Plaintiffs have promptly begun this process, but Plaintiffs are advised by local South Korean counsel that the process can take weeks or months. Once Ecube Ltd. has been served and appears, Plaintiffs intend to seek discovery from Ecube Ltd. related to Plaintiffs' claims. However, under the current scheduling order, which has not yet been formally vacated, all discovery must conclude by November 20, 2025. ECF No. 145.

In light of these exceptional circumstances, Plaintiffs request that the Court extend the discovery deadline to at least 90 days after the deadline for Ecube Ltd. to plead, answer, or otherwise respond to the Second Amended Complaint. Plaintiffs also request that the Court extend the deadline for dispositive motions to at least 150 days after the deadline for Ecube Ltd. to plead, answer, or otherwise respond to the Second Amended Complaint. Alternatively, Plaintiffs request

---

[1] *See* Case 25-43950-mxm11, ECF No. 3 ¶ 9, Debtor's Motion for Order Authorizing the Debtor to Pay Pre-Petition Wages, Employment Taxes, and Other Employee-Benefit Obligations.
[2] *See* Case 25-43950-mxm11, ECF No. 11, Statement in Response to Debtor's Motion for Order Authorizing the Debtor to Pay Pre-Petition Wages, Employment Taxes, and Other Employee-Benefit Obligations.

that the Court formally vacate all deadlines until Ecube Ltd. has appeared and the parties are able to confer on a mutually agreeable schedule. Good cause exists for this extension in light of Haulla's sudden bankruptcy filing and the time it will take to serve Ecube Ltd. under the Hague Convention. *See S&W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (explaining that good cause exists when "deadlines cannot reasonably be met despite the diligence of the party needing the extension"); *see also* FED. R. CIV. P. 6(b)(1)(A) (allowing a court to extend deadlines for good cause upon motion before the original time expires).

Plaintiffs are cognizant of the conference requirement under L.R. CV-7(g) but given that the requested relief primarily impacts Ecube Ltd., which has not yet appeared and to Plaintiffs' knowledge is not yet represented by counsel, Plaintiffs are unable to confer with Ecube Ltd. on this issue. In light of the automatic stay, Plaintiffs did not confer with Haulla.

Based on the foregoing, Plaintiffs respectfully request that the Court retain this matter on its docket while the Plaintiffs pursue their claims against Ecube Ltd. and permit additional time for discovery and dispositive motions as to Ecube Ltd., and all other relief to which they have shown themselves justly entitled.[3]

---

[3] To the extent the Court would like Plaintiffs to file a formal motion for an extension of the discovery deadline requested herein, Plaintiffs would be pleased to comply.

Date: October 20, 2025

**KEMP SMITH LLP**
221 N. Kansas, Suite 1700
El Paso, Texas 79901
Telephone: (915) 533-4424

By:  *s/ Nikki L. Morris*
KEN SLAVIN
State Bar No. 18496100
ken.slavin@kempsmith.com
VALERIE R. AUGER
State Bar No. 24076251
valerie.auger@kempsmith.com

**OF COUNSEL:**

**BAKER & HOSTETLER LLP**

Daniel J. Buzzetta (admitted *pro hac vice*)
dbuzzetta@bakerlaw.com
45 Rockefeller Plaza
New York, New York 10111
Phone: (212) 589-4200

Andrew E. Samuels
asamuels@bakerlaw.com
200 Civic Center Drive, Suite 1200
Columbus, Ohio 43215
Phone: (614) 228-1541

Sushant Mohan
Texas Bar No. 24092847
sumohan@bakerlaw.com
Alexandra L. Trujillo
Texas Bar No. 24110452
atrujillo@bakerlaw.com
Nikki L. Morris
Texas Bar No. 24098143
nmorris@bakerlaw.com
811 Main Street, Suite 1100
Houston, Texas 77002
Phone: (713) 751-1600

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document was served on all counsel of record in accordance with the Federal Rules of Civil Procedure.

Date: October 20, 2025

*/s/ Nikki L. Morris*