IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| EL PASO DISPOSAL, LP; WASTE CONNECTIONS OF TEXAS, LLC; WASTE CONNECTIONS LONE STAR, INC.; and WASTE CONNECTIONS US, INC., <br><br> Plaintiffs and Counter-Defendants, <br><br> v. <br><br> ECUBE LABS CO. d/b/a HAULLA SERVICES; and ECUBE LABS CO., LTD., <br><br> Defendants and Counter-Plaintiff. | § § § § § § § § § § § § § § § § CAUSE NO. EP-24-CV-97-KC |

**ORDER**

On this day, the Court considered the case. On October 10, 2025, Defendant and Counter-Plaintiff Ecube Labs Co. d/b/a Haulla Services ("Haulla") filed a Suggestion of Bankruptcy, ECF No. 191. In response, the Court stayed the case as to Plaintiffs' claims against Haulla and Haulla's counterclaims against Plaintiffs. Oct. 14, 2025, Order 1, ECF No. 192. The Court also ordered Plaintiffs to file written notice stating whether they intend to pursue their claims against Defendant Ecube Labs Co., Ltd ("Ecube"). *Id.* at 2.

Plaintiffs now "confirm[] their intent to pursue their claims against Ecube." Resp. 1, ECF No. 193. Plaintiffs also "request an extension of time to conduct discovery in order to pursue those claims." *Id.* This is warranted, Plaintiffs argue, because they are in the process of serving Ecube in South Korea via the Hague Convention, which could take weeks or months. *Id.* And under the current scheduling order, all discovery must conclude by November 20, 2025. *Id.* Plaintiffs thus request a ninety-day extension of the discovery deadline and a 150-day extension

of the dispositive motions deadline from the date Ecube is required to answer or otherwise respond to the Second Amended Complaint. *Id.* In the alternative, Plaintiffs request that the Court "vacate all deadlines until Ecube [] has appeared and the parties are able to confer on a mutually agreeable schedule." *Id.* at 2–3. In addition, Plaintiffs inform the Court that they intend to move for relief from the automatic stay in Bankruptcy Court and have informed the Bankruptcy Court of their intent to do so. *Id.* at 2.

In this Court, all claims involving Haulla have been automatically stayed. Oct. 14, 2025, Order 1. Plaintiffs provide no basis to review that Order or lift the stay. Accordingly, the stay remains in effect.

As for the claims against the yet unserved Defendant Ecube, when effecting service of process in a foreign country, a plaintiff must "demonstrate[] reasonable diligence in attempting service." *Lozano v. Bosdet*, 693 F.3d 485, 489 (5th Cir. 2012). In determining whether reasonable diligence has been exercised, "[g]ood faith and reasonable dispatch are the proper yardsticks." *Id.* If a plaintiff fails to exercise such diligence, a court may dismiss their claim without prejudice. *Id.*

Accordingly, the Court **ORDERS** that Plaintiffs shall **FILE** proof of service on Ecube, or, if Ecube has not yet been served, **FILE** a status report indicating the steps Plaintiffs have taken to serve Ecube, by <u>**no later than November 21, 2025**</u>.

**IT IS FURTHER ORDERED** that if Plaintiffs are successful in seeking relief from the automatic stay in Bankruptcy Court, they shall immediately notify this Court of said relief.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Compel, ECF No. 172, is **DENIED** as moot, without prejudice to refiling in the event the stay is lifted.

**IT IS FURTHER ORDERED** that the Third Amended Scheduling Order, ECF No. 117, and the July 21, 2025, Order, ECF No. 145, and all deadlines therein, are **VACATED**.

**SO ORDERED**.

**SIGNED this 21st day of October, 2025.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE