**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **EL PASO DISPOSAL, LP, WASTE CONNECTIONS OF TEXAS, LLC, WASTE CONNECTIONS LONE STAR, INC., and WASTE CONNECTIONS US, INC.,** | § § § § § § | **CAUSE NO. EP-24-CV-97-KC** |
| **Plaintiffs,** | § § § | |
| **v.** | § § | |
| **ECUBE LABS CO. d/b/a HAULLA SERVICES, and ECUBE LABS CO., LTD.,** | § § § § | |
| **Defendants.** | § | |

**PLAINTIFFS' OBJECTION TO DEFENDANT ECUBE LABS CO., LTD.'S REQUEST FOR SEALED TRANSCRIPT (ECF NO. 220)**

Plaintiffs ("Waste Connections") object to Defendant Ecube Labs Co., Ltd.'s ("Ecube") request for a copy of the sealed transcript of the August 21, 2025 sealed preliminary injunction hearing (ECF No. 220). This Court has found "good cause to maintain the sealing of that transcript, as the testimony and exhibits presented at the hearing contain confidential and proprietary information" belonging to Waste Connections. (ECF No. 215.) The Court provided Waste Connections a copy of the sealed transcript because Waste Connections is "a party to this case *and appeared at the hearing*." (*Id.*) (emphasis added). Ecube did not appear at the sealed preliminary injunction hearing; only Waste Connections and Ecube Labs Co. ("Haulla") did. Ecube is not Haulla. Indeed, Ecube confirms in its pending motion to dismiss that "Ecube and Haulla operate as two distinct and separate entities." (ECF No. 202 at 3.)

Ecube, an admittedly distinct and separate entity that did not appear at the sealed preliminary injunction hearing, has not met its burden to show that it is entitled to a copy of the sealed transcript from that hearing. *See Gristina v. Merchan*, 131 F.4th 82, 85 (2d Cir. 2025) (affirming order that defendant return copies of sealed transcripts of "proceedings in which she was not directly involved"). Ecube also has not shown that it will maintain the confidentiality of that transcript. In its pending motion to dismiss, Ecube argues that it is not subject to this Court's jurisdiction. (*See generally* ECF No. 202.) Despite Ecube and Haulla actively competing against Waste Connections in the market, Ecube has given Waste Connections no assurance that it will follow the protective order (ECF No. 37) of a Court that it contends has no jurisdiction over it.

For all these reasons, Ecube's request for a copy of the sealed transcript of the August 21, 2025 sealed preliminary injunction hearing should be denied. If Ecube's request is not denied, then the Court should order that any copy provided to Ecube must be treated as Attorneys' Eyes Only under the protective order (ECF No. 37).

Date: June 11, 2026

Respectfully submitted,

**KEMP SMITH LLP**

221 N. Kansas, Suite 1700
El Paso, Texas 79901
Telephone: (915) 533-4424
Facsimile: (915) 546-5360

By: *s/ Andrew E. Samuels*
Ken Slavin
Texas Bar No. 18496100
ken.slavin@kempsmith.com
Valerie R. Auger
Texas Bar No. 24076251
valerie.auger@kempsmith.com

Of Counsel:

**BAKER & HOSTETLER LLP**

Daniel J. Buzzetta (admitted *pro hac vice*)
dbuzzetta@bakerlaw.com
45 Rockefeller Plaza
New York, New York 10111
Phone: (212) 589-4200

Andrew E. Samuels
Texas Bar No. 24152302
asamuels@bakerlaw.com
200 Civic Center Drive, Suite 1200
Columbus, Ohio 43215
Phone: (614) 228-1541

Sushant Mohan
Texas Bar No. 24092847
sumohan@bakerlaw.com
Nikki L. Morris
Texas Bar No. 24098143
nmorris@bakerlaw.com
Alexandra L. Trujillo
Texas Bar No. 24110452
atrujillo@bakerlaw.com
811 Main Street, Suite 1100
Houston, Texas 77002
Phone: (713) 751-1600

*Counsel for Plaintiffs*